June, 1811.

JOHN HUMPHREVILLE, jun. *against* ARCHIBALD PERKINS :

IN ERROR.

THIS was a *qui tam* prosecution, brought to recover the penalty incurred by force of the statute, prohibiting the selling of spiritous liquors, &c. without license. The action was instituted by *Humphreville,* in his own name, and also, in the name of the treasurer of the town of *Woodbridge,* against *Perkins ;* and was returnable before *Stephen Twining,* Esq. a justice of the peace for the county of *New-Haven,* residing in the town of *New-Haven.* Both parties resided in the town of *Woodbridge.*

The writ was dated the 1st day of *October,* 1810, was served on the 4th, and returnable on the 11th day of the same month. The declaration was as follows, *viz.* " In an action or plea, founded upon a certain statute law of this state, entitled " an act in addition to, and alteration of an act, entitled an act for licensing and regulating houses of public entertainment, and for suppressing unlicensed houses ;" (a) whereupon, the plaintiff complains and says, that in and by the statute in such case made and provided, it is among other things enacted and provided, that no person, except he shall have obtained a license according to the provisions of said act, shall be a common victualler or taverner, or shall sell to be drank in his or her house, shop or dependencies, or shall suffer there to be drank, when by him or her sold, any metheglin, cider, ale, beer, wine, rum, brandy, gin, or other strong liquor, on penalty of forfeiting *ten dollars* for each offence, and *twenty dollars* for the second offence, and so double for each subsequent offence committed against the act ; one half to him who shall sue for the same, and the other half to the treasury of the town where the offence is committed ; as will appear by the act in such case made and provided : And now the plaintiff declares and says, that

(a) 1 *Stat. Conn.* tit. 158. c. 3.

*A.* and *B.,* being inhabitants of the town of *W.,* *A.* brought a *qui tam* action against *B.* upon the statute prohibiting the sale of spiritous liquors, without license, returnable before a justice of the peace residing in an adjoining town, who heard and tried the cause in such adjoining town ; held, that the justice had no jurisdiction of the cause.

June, 1811.

HUMPHRE-
VILLE
*v.*
PERKINS.

the defendant, at *Woodbridge*, aforesaid, on or about the 20th day of *August*, 1810, not having a license obtained according to law, and disregarding said statute, did sell by small quantities, strong liquor, *viz.* rum, gin and brandy, by the glass, pint and half pint, all to be drank in his the defendant's shop, dwelling-house or store, to *Daniel Wilmot*, who then and there purchased and paid for the same, and with the knowledge and sufferance of the defendant, drank the same in his, the defendant's shop or store; all which is contrary to the statute in such case made and provided, and of evil example to others in like case to offend; whereby, the defendant hath forfeited and become liable to pay, and an action hath accrued to the plaintiff, in his said capacity, to have and recover of the defendant, the sum of ten dollars: And the defendant, though often requested and demanded, hath never paid the same, nor any part thereof; to recover which, in his said capacity, the plaintiff brings this suit before said justice *Twining*, residing in the next adjoining town, there being no authority in said town of *Woodbridge*, who can, by law, hold plea of said cause," &c.

The defendant pleaded, that the writ and process ought to abate, because, in the first place, the justice had no jurisdiction of the cause; as *Thomas Darling*, *Samuel Osborn* and *Elihu Sanford*, Esquires, then were, and for more than two years before the commencement of the action, had been, justices of the peace within and for the county of *New-Haven*, and residents of the town of *Woodbridge*;—and it was alleged, that the suit should have been brought before one of the justices before mentioned, in the town of *Woodbridge*, neither of whom was related to either of the parties.

Secondly, that the treasurer of the state of *Connecticut* ought to have been joined in the action, in lieu of the treasurer of the town of *Woodbridge*.

Thirdly, the plaintiff prayed out the present writ and process, on the 1st day of *October*, 1810, which was duly served on the defendant, on the 4th day of the same month; that the plaintiff, at the same time, and before the defendant had been convicted of a first offence under the statute, pray-

ed out seventeen other writs and processes against him, each of which bore date on the same day, and was served at the same time with the present writ and process, and all made returnable before said justice *Twining ;* and that each of such writs and processes was, in all respects, like the present, having been brought to recover the penalty of *ten dollars,* incurred by virtue of the statute before mentioned, yet charging the defendant with having sold spiritous liquors in small quantities, contrary to the statute, to different persons, and on different days from each other, and different from the day mentioned in the present suit, without alleging in either declaration, that the offence therein charged, had been committed subsequent to any prior offence or conviction under the statute ; and that such writs and processes were all then pending before the justice, for trial.

To this plea, there was a demurrer, and joinder in demurrer. The justice adjudged the plea to be insufficient, and ordered a *respondeas ouster ;* whereupon, the defendant appealed the cause to the County Court.

In the County Court, the defendant pleaded in bar of the action, a release, dated on the 11th day of *October,* 1810, whereby the plaintiff discharged all his demands on account of the suits then pending between the parties, including the present suit, as before mentioned.

The plaintiff, in his replication, alleged, that the release set forth in the plea, was obtained by fraud, and without any legal consideration ; and averred, that the defendant, to induce the plaintiff to settle all the suits, represented to him, that he might lawfully settle such suits, and that thereby much costs and trouble would be avoided ; that on the settlement of such suits, he would execute and deliver to the plaintiff his promissory note for the sum of one hundred dollars, &c. That further to induce the plaintiff to receive the note and compromise the suits, the defendant proposed to the plaintiff, to give him a bond of indemnity against any claim which the town of *Woodbridge* should make against him, for any part of the penalties sought to be recovered by such suits ; that the plaintiff relying on the representations

of the defendant, and believing that he might lawfully com-
promise such suits, in the manner proposed, did agree with
the defendant, in consideration of his receiving the note and
bond, to execute the release, and that the note, bond and
release were executed and delivered accordingly. It was also
averred, that soon after the receipt of the note and bond, the
plaintiff discovered the same to be illegal and void; and
thereupon, immediately, offered and tendered the same to
the defendant, and demanded of him the release, and that
the defendant refused to receive the one, or deliver the other.
It was also distinctly averred, that the release was executed
and delivered in consideration of the note and bond, and for
no other cause or consideration, and that the note, bond and
release were illegal and void. The defendant demurred to
this replication, and the plaintiff joined in demurrer.

The County Court adjudged the plea in abatement to be
insufficient, and the replication to the plea in bar, to be suffi-
cient. On a writ of error, brought to the Superior Court,
this judgment was reversed; and to reverse the judgment of
the Superior Court, the present writ of error was brought.
The general error was assigned.

*Staples* and *Hoadley,* for the plaintiff in error.

*N. Smith* and *S. E. Dwight,* for the defendant in error.

MITCHELL, Ch. J. (After stating the case.) The only
question, which it is, at present, necessary to decide, is,
whether the plea to the jurisdiction of the justice, ought to
have been held sufficient?

The decision of this question must depend upon the con-
struction of our statutes relating to this subject; in one of
which, it is enacted, " that all suits and prosecutions, cogni-
zable before an assistant or justice of the peace, shall be
made and prosecuted in those towns only, where the plain-
tiff or defendant dwells, unless there be no authority, which
may lawfully try the cause, in either of said towns; in which
case, the plaintiff may bring his suit before an assistant or

justice of the peace, in one of the next adjoining towns to the place of his abode." (*a*)

In the declaration, it is averred, that there was no authority in the town of *Woodbridge*, who could lawfully try the cause. The legislature, by the provisions of this statute, intended, as far as possible, to guard the citizens against the unruly and revengeful passions of each other, and prevent their making use of legal process, in suits of small consequence, for the purpose of vexation.

A defendant is still liable, by statute, to be called at the pleasure of the plaintiff, from a remote part of the state, to the town where the plaintiff dwells, when the parties live at a distance from each other.

The statute on which this suit is founded, requires, that one half of the penalty recovered for the offence, be paid to the treasury of the town where the offence is committed. In pursuance of which, the town of *Woodbridge* would be entitled to one moiety of the penalty.

A third statute directs, that all fines, forfeitures and penalties, imposed by the judgment of an assistant or justice of the peace, for any matter of delinquency, shall belong to the treasury of the town where such judgment is rendered. (*b*)

From a view of these statutes, it appears, that justice *Twining*, holding his court in the town of *New-Haven*, could not have jurisdiction of this cause ; otherwise, the provisions of the two last mentioned statutes, could not be complied with; since, one of them requires, that one half of the penalty should be paid to the town of *Woodbridge*, the place where the offence was committed, and the other directs, that the town of *New-Haven*, the place where the judgment was rendered, should be entitled to the same moiety. Under the circumstances of this case, therefore, justice *Twining* should have held his court in the town of *Woodbridge* ; which would

(*a*) 1 *Stat. Conn.* tit. 6. c. 1. s. 6.
(*b*) *Ibid.* tit. 69. c. 1. s. 5.

June, 1811.

HUMPHRE-
VILLE
*v.*
PERKINS.

June, 1811.

have enabled him to comply with the requisitions of the two last mentioned statutes ; and, at the same time, the proceedings would have been in perfect conformity with the provisions of the statute first recited.

In this opinion all the Judges severally concurred.

