*New-London,*
July, 1841.
_____
Lyme
*v.*
East-Haddam.

The town of Lyme *against* the town of East-Haddam :

IN ERROR.

A bill of exceptions bringing up all the evidence in the cause, for the purpose of reviewing the decision upon the matters of fact in controversy, is not allowable.

Where it appeared from the evidence introduced by the plaintiff, in an action for the support of a man and his family, claimed to be paupers, that the man was in good health and capable of earning four shillings a day ; but that he was wholly destitute of property, had been turned out of his former dwelling place, and had no other place to go to; and that the woman whom he lived with as his wife, though she was not legally such, and his children by her, were sick and under necessitous circumstances; it was held, that these facts conduced to shew, that the man was a pauper.

Where there is no justice of the peace in either of the towns wherein the plaintiff or defendant dwells, the plaintiff may bring his action before a justice residing in one of the towns next adjoining the place of his abode, although in a different county, especially if it be in the county wherein the defendant dwells.

And if such action, after being opened for trial at the residence of the justice, be adjourned into the defendant's town, in the same county, for the examination of witnesses, and then adjourned back to the residence of the justice, where final judgment is rendered for the plaintiff; the judgment will not, by reason of such proceeding, be erroneous.

THIS was an action of *assumpsit* for the support of *Lewis Matson, Cynthia Matson,* his wife, and their four minor children, brought, originally, by the town of *East-Haddam* against the town of *Lyme,* before *Samuel A. Peters* Esq., a justice of the peace for *New-London* county, at his dwelling-house in *Colchester* ; there being no justice of the peace in either of the towns of *Lyme* or *East-Haddam,* who could lawfully try the cause ; and the town of *Colchester,* in which justice *Peters* resided, being one which next adjoined the town of *East-Haddam,* the plaintiffs in this suit.

At the time and place mentioned in the writ, *viz.* at *Colchester,* on the 18th of *March,* 1839, justice *Peters* held his court. The parties appeared ; and the defendants pleaded the general issue. On motion of the defendants, the court adjourned to the 3rd *Monday* of *April,* 1839, to be held at the *South* school-house in *Hadlyme* society, in the town of *Lyme.* The court was held at that time and place, according to the adjournment. The parties appeared, and were heard at large, with their evidence, and by their counsel. The court then adjourned the cause to the last *Monday* of *May,*

1839, to be held at *Colchester.* It was then and there held accordingly.

On the trial, it was proved and admitted, that *Lewis Matson* was born in *Lyme,* about the year 1790, and continued to be an inhabitant of *Lyme* to the year 1838, unless he acquired a settlement in *East-Haddam* subsequent to *March,* 1820; that in *February,* 1820, he was lawfully married to a woman by the name of *Eunice Crosby;* that in *April,* 1824, said *Eunice* being still living and his lawful wife, he married a woman, by the name of *Cynthia Smith,* who was not an inhabitant of the town of *Lyme,* and never became an inhabitant thereof, unless by her connexion with *Matson;* that about the year 1830, said *Eunice* died; that in *November,* 1837, he married said *Cynthia* over again; that said *Matson, Cynthia* and their four children, whom he had had by his inter-marriage with her, having been turned out of the house where they lived in *Haddam,* all went into the house of *Jonathan Selden* in *East-Haddam,* in *July,* 1834; that said *Cynthia* was then sick, poor and under necessitous circumstances, and so continued for a number of days; that said four children were also poor, destitute and under necessitous circumstances; that said *Lewis Matson* was then also poor, and wholly destitute of property, and had no place to live in, and no where to go to.

The plaintiffs introduced two witnesses, *Jonathan Selden* and *Richard S. Pratt.* The former testified, that in *July,* 1834, *Lewis Matson,* and his wife *Cynthia,* and their four children came to his house in *East-Haddam,* having been turned out of the house where they had lived in *Haddam;* that after they had continued at the witness's house three or four days, he notified the select-men of *East-Haddam,* that they were there, and that said *Cynthia* was sick; that *Richard S. Pratt,* one of the select-men, said, the witness must take care of them, and then he wrote a letter to the select-men of *Lyme;* that said *Lewis, Cynthia* and their four children, staid at the witness's house nine days, during which time, he supported them, and the select-men of *East-Haddam* paid him, for such support, six dollars, in a town order. The witness then added: "Said *Lewis* sometimes came out and helped me load hay. I never asked him to help me: he was not sick: he never was a stout man: he could not do so much

*New-London,*
*July, 1841.*

*Lyme*
*v.*
*East-Haddam.*

as a common man: he might then have earned four shillings a day; but his attention was taken up in taking care of his wife."

*Pratt* testified as follows: "In *July*, 1834, *Jonathan Selden* notified me, then a select-man of *East-Haddam*, that *Lewis Matson* and his family were at said *Selden's* house; and he requested me, as select-man, to remove them. I told *Selden*, he must take care of them. *Selden* came again, and notified me; when I wrote a letter to the select-men of *Lyme*, and put it in the post-office in *East-Haddam*, giving them notice that said *Lewis Matson, Cynthia* and children were sick, and on expense in *East-Haddam*, and that *East-Haddam* looked to *Lyme* for legal charges. The select-men of *East-Haddam* paid said *Selden* six dollars, in a town order, for supporting said *Lewis Matson* and his wife and children."

This was all the evidence tending to show that *Matson* and his family were paupers, at the time this support was furnished to them. To the admission of this evidence the defendants objected, claiming that it was inadmissible, for the purpose of charging them for such support, on the ground that said *Cynthia* and children were not inhabitants of *Lyme*, when the support was furnished; and that if said *Lewis* was an inhabitant of *Lyme*, he was not a pauper. The court admitted the evidence; and thereupon found, that said *Cynthia* and said four children were paupers; that the first marriage with her in 1824 was void, and that said four children were, consequently, illegitimate; that said *Lewis* was a pauper of the town of *Lyme*, when the support was furnished; and that the defendants were liable for the support furnished to him, and for that only; and rendered judgment accordingly.

The defendants filed a bill of exceptions, and thereupon brought a writ of error in the superior court. That court affirmed the judgment of the justice; and the defendants thereupon, by motion in error, brought the record before this court for revision, assigning the general error.

*Strong* and *McCurdy,* for the plaintiffs in error, contended, 1. That the evidence introduced by the plaintiffs, on the trial, was irrelevant and inadmissible. It not only did not conduce to shew that *Matson* was a pauper, but, on the contrary, it proved, that he was not one. He could earn four shillings a

day, which would be 200 dollars a year. This was equiva- <span style="float:right">*New-London*,<br>July, 1641.</span>
lent to a fund of that amount in his hands. In *Stewart* v.
*S.arman*, 4 *Conn. Rep.* 553., *Wright*, the person claimed to <span style="float:right">Lyme<br>*v.*<br>East-Haddam.</span>
be a pauper, held a note against a responsible man for 96 dol-
lars; and it was held, that so long as he had this property, he
could not be a pauper.

No deduction ought to be made from the fund in this case,
on account of *Matson's* connexion with *Cynthia* and her ille-
gitimate children. A man who has enough for his own sup-
port, cannot claim aid from the town because he wants to
devour his living with harlots. This is creating " a factitious
necessity," of the worst sort. *Backus* v. *Dudley*, 3 *Conn.
Rep.* 572, 3.

2. That this writ of error was not exceptionable as bring-
ing up the whole case. We claimed, on the trial, that the
testimony of *Selden* and *Pratt* was *irrelevant*, and, on that
account, inadmissible. We were obliged to state this evi-
dence, and the whole of it, in our bill of exceptions. Our
objection still, is, to the *competency* of the evidence; not to
its *sufficiency* mere'y. S) far as this question is concerned,
it is immaterial whether the evidence brought up, is *all*, or
only a *part* of the evidence introduced.

3. That the cause was *coram non judice*. (*a*) In the first
place, it was not cognizable by a justice residing in *Colches-
ter;* that town being in a different county from the place of
the plaintiff's abode. By " one of the towns next adjoining
the place of his [the plaintiff's] abode," is meant a town *in
the same county*. Secondly, if the justice could try the cause
in *Colchester*, he could not adjourn into *Lyme* for trial. The
adjournment back into *Colchester* to render judgment, did
not cure the irregularity.

*Bulkley*, for the defendants in error, contended, 1. That
the testimony objected to, conduced to shew that *Matson*

(*a*) *Bulkley*, for the defendants in error, here objected, that as this had not
been specially assigned for error, the court would not hear argument upon it.
On the other side, it was insisted, that the general assignment, in this case, was
sufficient: that the grounds on which the court below rendered the judgment
complained of, cannot be enquired into here, and need not be stated. The court
decided, that the exception was well taken, and that the counsel for the plain-
tiffs in error could not be heard on this point. They then moved to amend their
assignment of errors; which was allowed conditionally; but the conditions
were not insisted on, by the opposite party; and the argument proceeded.

*New-London,*
*July, 1841.*

*Lyme*
*v.*
*East-Haddam.*

was a pauper. This was a question of fact, to be determined by the jury, from all the circumstances of the case. The court cannot know judicially, that four shillings a day is an adequate support for a man and his family ; for it appears that *Matson* had a family in fact, which he was morally, if not legally, bound to provide for.

2. That the bill of exceptions was objectionable as bringing up the whole case. *Watson* v. *Watson* & al. 10 *Conn. Rep* 75. *Picket* v. *Allen, Id.* 146. *Wadsworth* v. *Sanford, Kirby* 456. *McDonald* v. *Fisher, Id.* 339. 1 *Sw. Dig.* 771.

3. That the justice had jurisdiction, and exercised it properly. In the first place, as there was no justice in either of the towns of *East-Haddam* or *Lyme,* who could lawfully try the cause, the plaintiffs properly brought their suit before a justice in *Colchester,* that being one of the towns next adjoining to the place of the plaintiff's abode. *Stat.* 41. *tit.* 2. *s.* 22. The suit need not be brought in the county in which the plaintiff resides. The objection to the adjourned court in *Lyme,* comes with an ill grace from the party on whose motion and for whose accommodation the adjournment was made. But there is no solidity in the objection, come from what quarter it may. A justice of the peace is a *county* officer, and can exercise his office any where in the county. *Kingsbury* v. *Phipps,* 2 *Root* 357. 1 *Sw. Syst.* 105. He may try a cause wholly, in another town than that in which he resides. *Humphreyville* v. *Perkins,* 5 *Day* 117. But in the present case, the suit was commenced and the judgment rendered in the justice's own town.

CHURCH, J. 1. The bill of exceptions in this case, is nothing more than a recapitulation of the whole evidence, for the purpose of inducing the court to determine, whether upon the whole, the justice of the peace was not mistaken in his conclusions. This way of presenting questions of law for review, has been repeatedly reproved, by this court. It was urged, that from the facts stated, they were entirely *irrelevant,* and inadmissible as evidence to prove, that *Matson* and his children were paupers. Whether they were paupers, was a question of fact, not of law. If, as was claimed, by the defendants below, *Matson* was a person in good health, and capable of earning three or four shillings *per* day ; this does not prove

he was not a pauper, unless it also appeared, that this sum
was sufficient for the support of himself and his family in
*East-Haddam.* It appears from the facts stated in the bill of
exceptions, that *Matson* was poor himself, wholly destitute of
property, and " *had no place to go to.*" And his wife also and
his children, for whom, at least, he was under a moral obliga-
tion to provide, and who were entirely dependant upon him
for support, were sick and under necessitous circumstances.
Surely, these facts conduce to prove, and almost conclusively,
that *Matson* was a pauper.

2. It is claimed, that Justice *Peters* had no jurisdiction of
this cause.

By the general provision of the law, an action cognizable
by a justice of the peace, shall be brought and tried in the
town where either the plaintiff or defendant dwells. This
is intended to promote the convenience of suitors, and prevent
vexation. But if there be no justice of the peace in either of
such towns, who can lawfully try the cause, then the plaintiff
may bring his suit before a justice of the peace, " in one of
the towns next adjoining his abode." This is intended to se-
cure impartiality. The statute law on this subject ought to
be so construed as to effect both of these objects.

As the plaintiff, in the latter case, may bring his action be-
fore a justice of the peace in an adjoining town, it follows ne-
cessarily, that the justice may try it there. The writ is re-
turnable there, the incipient proceedings under it must be had
there, and the justice cannot be compelled to go abroad to try
the cause. But as a justice of the peace is a county officer,
we see no objection to his adjourning his court, if he please,
that the cause may be tried in the town where one of the par-
ties live, if within the county, for which the justice is appoint-
ed, and thus carry into effect both of the before mentioned
objects of the statute. Indeed, we suppose this principle was
recognized, by this court, in the case of *Humphreyville* v.
*Perkins,* 5 *Day,* 117. Both of the parties in that case resi-
ded in the town of *Woodbridge;* but that town being inter-
ested, the suit was brought before a justice of the peace in
the adjoining town of *New-Haven;* but by reason of other
statute provisions affecting that case, it could not be tried in
*New-Haven;* and it was holden, that the *New-Haven* justice
should have tried the cause in *Woodbridge.* But this could

*New-London,*
*July, 1841.*

*Lyme*
*v.*
*East-Haddam.*

not have been done, if by law the justice could not have adjourned his court to that town; and it should have been adjudged to be a case unprovided for by law.

3. It has been further objected, in the present case, that the suit should have been brought before a justice of the peace in the county where the plaintiff resided; whereas the plaintiff in this case, sought a justice out of his own county. We see no objection to this. The cause was still within a county where one of the parties dwelt; and would have been, and in fact was, when transferred to a higher court.

The objection to the jurisdiction of the justice cannot be sustained. We advise, that the judgment of the court below be affirmed.

In this opinion the other Judges concurred, except WAITE, J. who gave no opinion, being interested, as an inhabitant of the town of *Lyme.*

Judgment affirmed.