## LYNCH v. VERMAZEN ET AL.

1. **Justice of the Peace:** ELECTION OF: WHO TO CANVAS RETURNS. Justices of the peace are county officers, under section 593 of the Code, and the board of supervisors, and not the township trustees, is charged by statute with the duty of canvassing the returns of the election of a justice of the peace.

*Appeal from Lee District Court.*

SATURDAY, APRIL 21.

THE plaintiff claims that at the general election in November, 1882, he was duly elected to the office of justice of the peace in Jackson Township, Lee county. He avers in his petition that the office of justice of the peace is a county office, and that the defendants, who are supervisors of Lee county, failed and refused to canvas the returns of said election, and declare the plaintiff elected to said office. He further avers in his petition that the township of Jackson is divided into four election precincts, and that the trustees and clerk of the township met on the day after the election, and failed to canvass the votes as shown by the written returns of said election, made by the judges and clerks of the elections for the four precincts, but pretended to make a recount of the ballots cast in the township, which ballots were delivered by the judges and clerks of said election to said township clerk. That, upon the said pretended count of said ballots, said trustees pretended to determine that one Estes had been elected to said office, and not the plaintiff, and that the township clerk sent a written notice to the county auditor that Estes had been duly elected to said office.

Plaintiff asks that defendants be compelled to meet, and open the election returns and canvass the same, and declare the plaintiff elected to said office. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Hagerman, McCrary & Hagerman, M. A. Ballinger* and *Craig, Collier & Craig*, for appellant

*D. W. Sprague* and *R. M. Marshall*, for appellees.

ROTHROCK, J.—The single question presented by this record is whether, under the statute of this state, the board of supervisors is the proper authority to canvass the votes cast for the office of justice of the peace. The plaintiff contends that it is, and the defendants claim that the township trustees are charged with that duty. The law of elections in this state is found in Title Five of the Code. That title provides for the election of all public officers within the state. It fixes the time of the elections, designates the officers or persons who shall conduct the same, and the persons who shall canvass the votes and declare the result of elections. Section 593 provides that "justices of the peace and constables shall be considered as county officers under the provisions of this title (title five) but they shall be voted for by the votes of their respective townships;" section 635, being also in title five, provides that the board of supervisors shall, at their meeting on the Monday after the general election, open and canvass the returns, and make abstracts, stating the number of ballots cast in the county for each office, "the name of each person voted for, and the number of votes given to each person for each different office." And it is provided by section 636 that the abstract of votes for the different classes of officers shall be made on separate sheets, and among these classes "county officers" are designated. Other provisions of the statute are as follows: "Section 638. The person having the greatest number of votes for any office is to be declared elected." "Section 639. Each abstract of the votes for such officers as the county alone elects shall contain a declaration of whom the canvassers determine to be elected     *     *     *     *     *     ."

We think these provisions of the statute require us to de-

termine that the board of supervisors is the authority charged with the duty of canvassing the returns of the election of a justice of the peace. Indeed, it seems to us to be so clear as to leave no room for construction. The several sections, when considered together, just as plainly require this interpretation as if it had been provided in a single section that justices of the peace shall be voted for by the voters of their respective townships, but that they shall be considered county officers, and that the votes for that office shall be canvassed by the board of supervisors. In our opinion the demurrer to the petition should have been overruled.

REVERSED.