in the application of the holder of such certificate were false."

Subdivision 8 of section 17 of the same law entitled the owner of property used as a hotel on the 28th of March, 1896, to a license (provided such use has not been abandoned), irrespective of the question of continuous use. The word *continuous* is not employed in the statute, and it was wholly immaterial to the applicant's right to his certificate whether there had been a continuous use or not. Consequently, the statement in question, although false, was not a false statement as to a material fact. This is distinctly held in the recent case of Matter of Hawkins, 165 N. Y. 188.

We are, therefore, of the opinion that the application to revoke must be denied.

Let an order be entered accordingly.

---

IDA D. EISENBERG, Appellant, *v.* MARY C. LAPE, Respondent.

(County Court, Saratoga County, January, 1907.)

Justices of the peace — Jurisdiction: Consent of parties; Jurisdiction within the county — None to try case in an adjoining town.

A justice of the peace is a town officer and cannot summon a jury and try a case in an adjoining town, where he has an office, even by consent of the parties; and a judgment rendered upon such a trial must be reversed, but, in view of the appellant's express consent, the reversal should be without costs.

APPEAL from a judgment of a Justice's Court rendered in favor of defendant.

William Rooney, for appellant.

A. T. Blessing, for respondent.

ROCKWOOD, J.   The principal question involved in this appeal relates to the jurisdiction of the justice of the peace,

Burton D. Esmond, who qualified and is acting as a justice of the town of Ballston, in the county of Saratoga, N. Y.

The village of Ballston Spa is located in the towns of Ballston and Milton. Mr. Esmond resides in the town of Ballston and, for the sake of convenience, has his office in that portion of the village of Ballston Spa lying within the town of Milton.

After the joinder of issue in this action, the defendant demanded a jury trial; and the justice drew such jury at his residence in the town of Ballston. The venire was made returnable at the office of the justice in the town of Milton. Subsequently, the parties all being in court, adjournment was taken by consent to the office of the justice where a jury trial was had and a verdict rendered of no cause of action, from which judgment appeal has been taken by the plaintiff to this court.

Counsel for the appellant challenge the power of the justice to adjourn the trial, even by consent, to a town other than that for which he was elected and qualified, asserting that the justice was without jurisdiction to try a civil case or render a valid judgment in any town except the town of Ballston.

A justice of the peace is a constitutional officer. Const. art. 6, § 17. While in the early English statutes and many of the decisions in this country such magistrate is referred to as a county officer (See Gurnsey v. Lovell, 9 Wend. 319; Lyme v. East Haddam, 14 Conn. 394; Lynch v. Vermozen, 61 Ia. 76; Gage v. Clarke, 51 N. J. L. 97), still the later decisions, particularly those in New York State, describe him as a " town officer " who " can have no existence as a public officer independent of his town organization." Matter of Gertum v. Board of Supervisors, 109 N. Y. 170; People v. Garey, 6 Cow. 642; People v. Morrell, 21 Wend. 563; Ziegler v. Corwin, 12 App. Div. 60.

In the case last cited the Appellate Division of the Fourth Department, in an elaborate opinion by Judge Ward, reviewed and commented upon the authorities relating to the constitutional jurisdiction of a justice of the peace. The

conclusion of the court concerning the point now under consideration is briefly summarized in the following language: " If he is a justice of the peace of a town he is a town officer, whose method of election and term of office is fixed by the Constitution itself."

As a town officer a justice of the peace has well-defined powers and duties, being limited, however, to such as are given him by statute. In the exercise of his jurisdiction he may issue certain process which runs throughout the county and elsewhere under certain conditions. He may issue a subpœna to compel a witness to attend in the county where the justice resides or an adjoining county (Code, § 2969); he may issue an attachment against a defaulting witness (Code, § 2971); he may direct a delinquent witness in an adjoining county to be arrested and brought before him (Code, § 2975), and he may award a commission for the examination of a witness upon interrogatories without the county (Code, §§ 2980, 2987). In an action to enforce a mechanic's lien against real property brought before a justice of the peace, the summons and verified complaint may be personally served upon the owner anywhere within the State (Code, § 3404); and, if personal service cannot be so made, it can be effected by leaving a copy thereof at the last place of residence of the owner and by publishing a copy of the summons in a newspaper (Code, § 3405). In short, a justice of the peace is vested with ample powers to facilitate the trial of an action or proceeding pending before him, and the general tendency of modern legislation has been to amplify such powers to a considerable extent. A careful examination of the authorities has, however, failed to reveal any precedent based upon either statute or principle which will permit a justice of the peace to try a civil action, similar to the one at bar, except within the territorial limits of his jurisdiction.

The Revised Statutes originally provided that " Justices of the Peace must reside in the Town for which they were chosen and shall not try a civil case in any other town except in cases otherwise provided by law." 1 R. S. (5th ed.), 383, § 10.

While this section has been repealed by the Public Officers

Law and is not now in force, it is still illustrative of the early trend of authority upon the subject.

In People ex rel. Newell v. Montgomery Common Pleas, 18 Wend. 649, the first judge of the county, as he was then called, when absent from his county and in the county of Albany, signed an allowance of appeal from the judgment of a justice of the peace; a motion was made to quash the appeal which was granted, the court deciding: "The judge had no jurisdiction to allow the appeal; it was a judicial act which could properly be performed only in the county for which he was appointed."

In a Texas case (Foster v. McAdams, 9 Tex. 542) it was held that a justice could not legally try a case out of his own precinct even by consent of the parties.

In Gurnsey v. Lovell, 9 Wend. 319, it was held in effect that a justice of the peace is not limited in the exercise of any official act which he is authorized to perform to the town to which he was chosen "except in the trial of civil causes." See also People v. Morrell, 21 Wend. 563.

While both of the cases last cited were decided while the section of the Revised Statutes above quoted was in force, the general force of the legal principle seems to have been incorporated into section 2868 of the Code of Civil Procedure, which reads in part as follows: "A Justice of the Peace must hold *within his town or city* a court for the trial of any action or special proceeding of which he has jurisdiction," etc.

There is no express or implied authority for a justice to try a civil case outside of the town for which he was elected, but it is asserted in this case that the parties expressly consented to try the issue in the town of Milton. It is elementary that jurisdiction cannot be conferred or extended by consent where it does not originally exist, and the powers of a justice of the peace in civil actions and special proceedings are expressly limited to such jurisdiction "as is specially conferred upon him by statute" and no other. Code Civ. Pro. § 286.

If the justice of the peace could, by consent of parties, try the case in the town of Milton, then it follows that he could,

by a similar consent, try a civil case in any town of the county, taking the jury with him from the town of his residence. The law does not contemplate that a justice of the peace may summon a jury from the town of his elective jurisdiction and then adjourn to some other town in the county for trial. Such a procedure, although perhaps convenient for the justice and litigants appearing before him, would lead to confusion and is apparently contrary to all authority in the State of New York.

As the magistrate had no jurisdiction to try a civil case beyond the territorial limits of his own jurisdiction, it follows that he was without power to enter judgment, and the consent of the parties added nothing to the force of what was done.

The conclusion herein arrived at will probably work considerable inconvenience in the village of Ballston Spa, which is located in both of the towns of Ballston and Milton; it is better, however, that such inconvenience should be suffered than that there should be any departure from orderly procedure in the trial of causes.

The judgment must be reversed for the reason that the justice was without jurisdiction to try the case in the town of Milton or to enter judgment therein.

As the position of the appellant, who expressly consented to the trial in the town of Milton and litigated the matter there fully before the justice and a jury, is of an extremely technical character; and as the respondent evidently consented to the change of the place of trial in the honest belief that no legal error was committed, it would, it seems to me, impose an unusual hardship in this case to award costs to the appellant. In addition to these reasons, it was stated upon the argument, and is generally conceded, that it has been the custom for some time in the town of Ballston for justices to adjourn, for the convenience of parties and by consent, to the town of Milton for trial. The business section of Ballston Spa is located in the town of Milton and the law offices of the village are also in said town. This custom, continued for some time, has evidently misled attorneys and litigants into the belief that it was proper, and the objection taken

upon this appeal is the first to which the court's attention has been called.

Reversal is, therefore, directed for the error of the justice, and, in accordance with subdivision 2 of section 3066 of the Code of Civil Procedure, such reversal is without costs to either party as against the other.

Judgment reversed, without costs to either party.