THOMAS BRADISH, Plaintiff, *v.* DANIEL SKELLY, Defendant.

County Court, St. Lawrence County, May 20, 1927.

Justices of peace — jurisdiction of justice of peace within town of Oswegatchie, St. Lawrence county — Laws of 1927, chap. 29, separated city of Ogdensburg from town of Oswegatchie — justice of peace residing outside of city of Ogdensburg has no jurisdiction to hold court therein — act does not abolish office of justice of peace because it limits territory within which justice may act — judgment rendered by justice of peace of town of Oswegatchie affirmed in absence of proof showing lack of jurisdiction.

The city of Ogdensburg was separated from the town of Oswegatchie by chapter 29 of the Laws of 1927. The justices of the peace then residing in the city of

35

Ogdensburg were retained in office with jurisdiction throughout the entire town until December 31, 1927, but no mention was made of justices of the peace residing in the town outside the city limits.   The effect of such statute is to limit the jurisdiction of the justices of the peace residing in the town of Oswegatchie to the territory within the limits of said town, but outside the boundaries of the city of Ogdensburg, so that a justice of the peace residing outside the limits of the city of Ogdensburg has no jurisdiction to summon parties to said city and hold court therein.

The fact that the act limits the territory in which the justices of the peace have jurisdiction does not render the act unconstitutional, for it does not abolish the office of justice of the peace.

However, this appeal from a judgment rendered by a justice of the peace of the town of Oswegatchie must be affirmed in the absence of proof showing that the trial was conducted elsewhere than in said town or that the court otherwise lacked jurisdiction.

APPEAL from a judgment rendered by A. H. Roulston, a justice of the peace of the town of Oswegatchie, county of St. Lawrence, on the 28th day of April, 1927, for the sum of forty-six dollars and thirty cents in favor of the plaintiff.

*Edward J. Ewart*, for the plaintiff.

*Forrest K. Moreland*, for the defendant.

DOLAN, J.   The sole question involved in this appeal is the authority or right of the justice of the peace to hold his court in any place outside of the town of Oswegatchie, it being contended on the argument of this appeal that the said justice of the peace held his court in the city of Ogdensburg.

Prior to the 8th day of February, 1927, the city of Ogdensburg was part of the town of Oswegatchie, for many purposes, at least. While the said city of Ogdensburg had a government separate from that of the town of Oswegatchie, nevertheless, by its charter or act of incorporation, it still remained in many respects part of the said town of Oswegatchie.   The jurisdiction of certain town officers of said town of Oswegatchie extended to that part of the town known as the city of Ogdensburg.

On the 8th day of February, 1927, an act (Laws of 1927, chap. 29) known as the separation act, separating the city of Ogdensburg from the town of Oswegatchie, became a law.   It was provided in said act, among other things: " § 4. All town officers of the town of Oswegatchie holding office when this act takes effect shall continue in office until and including the thirty-first day of December, nineteen hundred and twenty-seven, when the offices of all such officers who shall then be residents of the city of Ogdensburg shall become vacant; and all such town officers shall discharge all their duties and exercise all their functions as though this act had not

been passed, but the territory subject to their jurisdiction shall not include the territory comprising the city of Ogdensburg, except so far as to enable such officers to hold such town offices and to discharge their duties while within the city. For such purposes the town clerk and all other officers of the town residing in such city may continue to keep their offices therein until the said thirty-first day of December. Nothing herein contained shall affect the collection of uncollected town taxes, if any, heretofore levied on property in such city, by the collector of such town. Chattel mortgages required by law to be filed with the city clerk shall continue to be filed in the office of the town clerk of the town of Oswegatchie until the said thirty-first day of December. *The justices of the peace now residing in the city of Ogdensburg shall continue to have jurisdiction in civil cases throughout the said town of Oswegatchie,* as contituted prior to the taking effect of this act, such jurisdiction shall continue as though this act had not been passed until the said thirty-first day of December, at which time the officers* of all justices of the peace of such towns then residing in the city of Ogdensburg shall be deemed vacant; and they may be filled by the town board of the town of Oswegatchie as provided by law, if not previously filled by election."

The summons in this action was returnable at the office of Wells & Wells in the town of Oswegatchie. There is nothing in the record that discloses that the trial of said action was held elsewhere than in the town of Oswegatchie, and there is nothing in the record that discloses the residence of the justice of the peace, that is, whether it was in the city of Ogdensburg, or outside of the city in the town of Oswegatchie. While I have some personal knowledge about the above statement of fact as to the location of the office of Wells & Wells, and the residence of the justice of the peace, that knowledge might not be correct. Further, it would not be a safe policy, nor are the courts permitted, to follow such information as the court might obtain privately. There is nothing in the record which indicates that there was any irregularity in obtaining the judgment herein. We must presume that the justice had jurisdiction unless there is some evidence to the contrary. Consequently, the judgment herein should be affirmed and an order may be prepared accordingly.

But there seems to be considerable confusion, however, as to the rights of the justices of the peace who resided in the separate municipality of the town of Oswegatchie and who were legally holding office at the time of the separation act in the performance

---

* So in original; evidently should be " offices."—[REP.

of their duties. It would seem that no question could be raised as to the jurisdiction of a justice of the peace who resided in the territory constituting the city of Ogdensburg. Special provision has been made that a justice of the peace who resided in the city of Ogdensburg may act as said justice until December 31, 1927, not only within the limits of the city of Ogdensburg but also in what is now known as the town of Oswegatchie. The principal controversy is whether a justice of the peace residing in the town of Oswegatchie can still hold court in the city of Ogden'sburg. It is contended that since justices of the peace were elected for a full term of four years for the whole town of Oswegatchie, which at the time of their election comprised the city of Ogdensburg, the Legislature had no power to limit their jurisdiction during that term of office. This contention is based upon section 17 of article 6 of the State Constitution which provides as follows: " The electors of the several towns shall, at their annual town meetings, or at such other time and in such manner as the Legislature may direct, elect justices of the peace, whose term of office shall be four years."

It is urged that the office of justice of the peace is placed beyond the reach of the Legislature, and the Legislature cannot circumscribe the term thereof or the method of filling or removing the incumbent thereof since the Constitution explicitly fixes the method of election and the term of office of said justice of the peace. It is true that the office of justice of the peace as it now exists in towns was established by the Constitution. The office of justice of the peace comes down from early times. It existed in England before the discovery of America and has existed here during practically our entire history. In the early times its jurisdiction was largely criminal. A constitutional office cannot be abolished by the Legislature.

But in this case the office of justice of the peace has not been abolished. The act of separation simply limited the territory in which the justice could act. It is expressly provided by the Constitution that the Legislature has the power to grant charters for the organization of cities and incorporated villages. As was said in *Matter of Gertum* v. *Board of Supervisors* (109 N. Y. 170): " It is by the Constitution expressly made the duty of the legislature to provide for the organization of cities and incorporated villages, and this power can be exercised only by the creation of such bodies, from territory previously existing under some other form of civil government. It seems unreasonable to suppose that the framers of the Constitution intended by its provision, relating to the terms and elections of justices of the peace in towns, to thwart the

exercise of this beneficial power, and compel the continued retention of a town organization for the mere purpose of furnishing a place for a superseded and unnecessary officer. Such officers are the incidents only of the political existence of towns. They are provided and created for the town, and it is quite absurd to say that they continue in office after the town has ceased to exist. While the Constitution provides that towns shall elect justices of the peace whose terms shall continue for four years, there is nothing in this provision that requires the indefinite preservation and perpetuation of town organizations, to enable such officers to serve out their terms, or forbids a change of local government, if, in the judgment of the legislature, the welfare and prosperity of the community requires it."

Justices of the peace residing in the town of Oswegatchie as now constituted cannot summon parties to the city of Ogdensburg and hold court in said city. The jurisdiction of a justice of the peace to hold court exists only within the limits of his own town. A justice of the peace is a town officer. (*Eisenberg* v. *Lape*, 52 Misc. 329.)

His power and authority to hold court does not extend beyond the limits of the town for which he was elected to office. " A justice of the peace must hold, within his town or city and not elsewhere, a court for the trial of any action or special proceeding brought before him of which he has jurisdiction  *   *   *." Justice Court Act, § 16.)