[No. 15369. In Bank.—March 26, 1894.]

## THE PEOPLE EX REL. FRED V. WOOD, RESPONDENT, v. JOHN A. SANDS, APPELLANT.

JUSTICE OF THE PEACE—VACANCY—POWER OF APPOINTMENT—CODE—CHAR-
TER OF OAKLAND.—The power to appoint a justice of the peace of the
city of Oakland to fill a vacancy is vested in the board of supervisors
of the county of Alameda, under section 111 of the Code of Civil Pro-
cedure, and not in the mayor of the city under section 203 of the char-
ter of Oakland.

ID.—CONSTITUTIONAL OFFICE—STATE ELECTION.—The office of justice of the
peace is a creation of the constitution, and can not be created by any
city charter, and such officer is elected at a general state election, and
qualifies under the general law of the state.

ID.—CONSTRUCTION OF CITY CHARTER—APPOINTMENTS BY MAYOR—PRE-
SUMPTION.—It must be presumed, the contrary not appearing, that the
filling of vacancies in city offices by the mayor, provided for in sec-
tion 203 of the charter of the city of Oakland, was not intended to
include the filling of a vacancy in the office of justice of the peace for
the city.

ID.—COUNTY GOVERNMENT ACT—CODE—REPEAL BY IMPLICATION.—The
County Government Act of 1891 does not impliedly repeal section 111
of the Code of Civil Procedure, which includes all justices of the peace,
both of cities and of townships, and confers upon the board of super-
visors of the county the power to fill vacancies in that office.

ID.—STATUTORY CONSTRUCTION—REPEALS BY IMPLICATION NOT FAVORED.—
Repeals by implication are not favored, and it is only when two statu-
tory provisions are absolutely repugnant to each other that a repeal of
the earlier will be declared.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Davis & Hill,* for Appellant.

Justices of the peace of Oakland are city officers. (Stats. 1885, p. 213; Stats. 1891, p. 456; Pol. Code, p. 716.) The County Government Act of March 31, 1891, was intended to be, and was, a substitute for sec- tion 111 of the Code of Civil Procedure, and it took away from the board of supervisors power to fill vacan- cies. (*Pierpont* v. *Crouch,* 10 Cal. 315; *Sacramento* v.

*Bird*, 15 Cal. 295; *State* v. *Conkling*, 19 Cal. 501; *Fraser* v. *Alexander*, 75 Cal. 147; *People* v. *Dunn*, 89 Cal. 228; *United States* v. *Tynen*, 11 Wall. 88; *Murdock* v. *Memphis*, 20 Wall. 590.) The appointing power is in the mayor and not in the board of supervisors. (Charter of Oakland, sec. 203.)

*Attorney General W. H. H. Hart, J. C. Martin,* and *A. A. Moore,* for Respondent.

The board of supervisors, and not the mayor, has the power of appointment of the justices of the peace in Oakland. (Code Civ. Proc., secs. 103, 111.) The justices of the peace are judicial officers, and are a part of the judiciary of the state as defined in article VI, section 1 of the constitution. (*Bishop* v. *City of Oakland,* 58 Cal. 575; *McGrew* v. *Mayor etc.,* 55 Cal. 611.) Section 103 of the Code of Civil Procedure was not repealed by the County Government Act. Repeals by implication are not favored. (*Harley* v. *Heyl,* 2 Cal. 482; *Crosby* v. *Patch,* 18 Cal. 439; *Chew Heong* v. *United States,* 112 U. S. 536.) Unless the former act be referred to or is clearly repugnant to the provisions of the latter, both must stand. (*Merrill* v. *Gorham,* 6 Cal. 41.) It is necessary to a repeal by implication that the object of the two statutes be the same; if they are not, both will stand, though they may refer to the same subject. (*People* v. *Platt,* 67 Cal. 21.) In order for a subsequent act to repeal a former, it must appear that it was intended to take the place of or repeal the former, or that the two acts are so inconsistent that force and effect cannot be given to both. (*Ex parte Smith,* 40 Cal. 419; *People* v. *Sargent,* 44 Cal. 430; *Matter of Yick Wo,* 68 Cal. 294; 58 Am. Rep. 12.) It was not intended that the County Government Act should repeal section 111 of the Code of Civil Procedure, as that act gives the board of supervisors power to do all things required by law, even though not enumerated therein. (County Government Act, sec. 35; *Kennedy* v. *Miller,* 97 Cal. 429.)

GAROUTTE, J.—The question here involved is the respective rights of the relator and the defendant to hold the office of justice of the peace in the city of Oakland, and these rights depend upon the determination by this court as to where the appointing power to fill a vacancy in that office is lodged under the constitution and laws of the state. The relator claims the office by virtue of an appointment by the board of supervisors of the county of Alameda, and the defendant claims the office by virtue of an appointment by the mayor of the city. There is but one other source from which, by any possible construction of the constitution and statutes, an appointment can come, and that is the governor, under article VI, section 8, of the constitution and section 999 of the Political Code. Neither party to this controversy has received the appointment of the governor, nor does either party contend that the governor has the power to fill a vacancy in such office.

As indicating that a justice of the peace of the city of Oakland is a county or township officer, it is suggested that his office is one provided for by the general law; that it is filled at a general state election, and at a time when the city holds no election; that the call for the election is published, the officers of the election appointed, the precincts established, the votes canvassed, the result declared, and the amount of the bond fixed by the board of supervisors. In addition to these matters the certificate of election is issued by the county clerk, the bond approved by the judge of the superior court, filed with the county clerk, and recorded with the county recorder. The criminal jurisdiction of this office extends over the entire county; the process likewise is only limited by the boundaries of the county; and the civil jurisdiction extends to the limits of the township in which the court is held, regardless of city lines. As indicating that such office is a city office, and that such justice of the peace is a city officer of the city of Oakland, it is urged that the city is required by law to provide a suitable place for holding his court; that he must

report to the city treasurer monthly, and turn over to said treasurer all fees collected; that his salary is paid by the city; that he is elected by the electors of the city alone; that such office has a strictly municipal jurisdiction, and that such justice is *ex officio* police judge. For the foregoing reasons it appears that a city justice of the peace, as he is named by various provisions of the statute, might well be termed a county or township officer, for the law looks upon him and deals with him in the respects we have suggested as it looks upon and deals with other persons whom we know to be county and township officers. Again, in other respects, such officer bears the *indicia* of an officer of the municipality. The office thus partakes of the character of both a county and township office, and also a city office, and it certainly would be somewhat of a misnomer to call it either. In order to support appellant's position, he must bring himself within the designation of an officer of the city, for the appointing power of the mayor extends to no other, while the success of respondent's position does not depend upon the technical name of the office; nor does it depend upon the fact of the officer being either a county or township officer; for the law under which he asserts his claims designates such officers as justices of the peace. This question presenting these difficulties we pass by the controversy as to the exact classification of the office, and, without naming it, will find the appointing power. For the location of that power is a matter purely with the legislature, regardless of the technical character of the office.

Section 203 of the charter of the city of Oakland declares: "If any officer of the city . . . . shall resign, . . . . his office shall be vacant, and the vacancy filled as herein provided. The mayor shall have power to appoint suitable persons to fill vacancies in any office except as in this charter provided. The appointee shall hold for the unexpired term, and until the election and qualification of his successor"; and it is upon this provision that appellant rests his claim. Section 111 of

the Code of Civil Procedure declares: "If a vacancy occurs in the office of a justice of the peace, the board of supervisors of the county shall appoint an eligible person to hold the office for the remainder of the unexpired term"; and respondent bases his contention upon that declaration of the code.

When the intention of the legislature is so apparent from the face of a statute that there can be no question as to the meaning, there is no room for construction. Courts are not allowed to interpret where interpretation is not demanded, and section 111 speaks for itself. It is broad in its terms, and upon its face applies to all justices of the peace, whether those justices be found in cities or townships. As against such a plain provision of the statute we will not locate the appointing power elsewhere, unless legal reasons entirely convincing are presented for our consideration. When the statute says that justices of the peace shall be appointed by the various boards of supervisors, we assume that all justices of the peace are included within the designation, and we are not justified in giving the provision any other construction, unless the intent of the legislature is unmistakably manifested in that direction by other provisions of the statute; and section 203 of the charter of the city of Oakland does not contain that plain manifestation of a different intent for which we are seeking. We there find no limitation upon the general language of section 111 of the Code of Civil Procedure, but, upon the contrary, it is very apparent, when we consider the charter in its entirety in connection with section 203 thereof, that the vacancies contemplated by that section are vacancies arising in offices created by the charter itself. This would be the natural construction of the section, read without the light furnished by other provisions; and read and construed with the aid of that light, whatever uncertainty might have otherwise existed at once disappears.

Section 45 of the charter presents a fair illustration of this view. It provides that every officer shall, within

a certain time, file his official bond in such sum as the council may direct, which bond is made payable to the city, and is approved by the mayor and city attorney, and is filed and recorded in the city archives; and it is further provided that upon a failure of the officer to file an additional bond when demanded by the city council, such council must declare the office vacant. These requirements and conditions do not apply to justices of the peace of the city of Oakland, and appellant concedes that fact; yet there is no question but that the officers referred to in section 45 of the charter are the same officers that come within the purview of section 203 of that instrument.

The office of justice of the peace is a creation of the constitution. Such an officer is elected at a general state election, and qualifies under general state law. The charter did not create the office of justice of the peace, and under the authority of *Ex parte Ah You*, 82 Cal. 339, and *People* v. *Toal*, 85 Cal. 333, could not have done so if its framers and the legislature had so attempted. For this reason, unless the contrary appears, we must assume the filling of a vacancy of the character here presented was not in the mind of the framers of the charter; and it would be an unnatural construction to give the provision such effect.

Section 103 of the Code of Civil Procedure provides for the organization of justices' courts, and the election of justices of the peace for both townships and cities. The immediate subsequent sections relate to their duties and powers. Section 110 provides that the term of office shall be two years from the first day of January next succeeding their election. Section 111, as we have seen, refers to the mode of filling vacancies in the office. Section 112, and following, declare the civil and criminal jurisdiction of justices' courts. It is not questioned but that these sections, excepting the single section 111, refer to justices of the peace and justices' courts of both cities and townships, and that fact being conceded, the

conclusion is irresistible that section 111 occupies common ground with all the others, and also includes all justices of the peace.

It is further insisted that section 111 of the Code of Civil Procedure is impliedly repealed by the provisions of the County Government Act of 1891. We do not perceive how appellant could be materially benefited if such be the case, for, if those conditions are present, then the appointment rests with the governor, and appellant's title to the office comes from an entirely different source. We are not favorably inclined towards repeals by implication. It is only when two provisions of the statute are absolutely repugnant to each other that a repeal of the earlier will be declared, and section 111 of the Code of Civil Procedure is not repealed by the County Government Act. In defining the duties of the board of supervisors, subdivision 21, section 25, of the act of 1891, reads: "To fill, by appointment, all vacancies that may occur in any office filled by the appointment of the board of supervisors and elective county or township offices." Conceding, without deciding, that justices of the peace of the city of Oakland are neither county nor township offices, still there is no repugnancy between this provision and section 111 of the code. There is no such inconsistency in these acts that prevents force and effect from being given to both. All the appointing power of the board of supervisors is not necessarily located in subdivision 21 of section 25. Section 35 of the same act expressly recognizes that fact, and, under the head of general permanent powers of the board of supervisors, declares that the board has power "to do and perform all other acts and things required by law, not in this act enumerated, or which may be necessary to the full discharge of the duties of the legislative department of the county government"; and section 111 may well be held a law requiring the board to do and perform certain acts and things not enumerated in the County Government Act.

There are constitutional objections urged to the

soundness of appellant's contentions which we do not find it necessary to discuss.

For the foregoing reasons it is ordered that the judgment be affirmed.

McFARLAND, J., PATERSON, J., and HARRISON, J., concurred.