[S. F. No. 2684.   Department Two. — May 29, 1901.]

## THE PEOPLE ex rel. OWEN D. RICHARDSON, Respondent, v. C. W. COBB, Appellant.

CITY JUSTICE OF THE PEACE — APPOINTMENT TO FILL VACANCY — TENURE FOR UNEXPIRED TERM — INVALID ELECTION. — A city justice of the peace, appointed to fill a vacancy in that office, holds for the unexpired term of the original incumbent elected thereto; and an election by the people to fill such vacancy is invalid.

ID. — EXTENSION OF TERM — COUNTY GOVERNMENT ACT — CONSTITUTIONAL LAW. — Under section 11 of article VI of the constitution, the legislature has power to fix the term of office of justices of the peace generally, including city justices of the peace; and section 58 of the County Government Act of 1897 constitutionally extended the term of office of city justices of the peace to the period of four years, and, in effect, repealed section 110 of the Code of Civil Procedure, which limited the term to two years.

ID. — TITLE OF COUNTY GOVERNMENT ACT — CITY JUSTICES. — City justices of the peace, as well as county justices, form part of the judicial system of the state; and cities remain part of the counties in which they are situated. The title of the County Government Act of 1897 properly includes the tenure of office and election of city justices of the peace.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion.

C. W. Cobb, and E. M. Rea, for Appellant.

Tirey L. Ford, Attorney-General, Howell C. Moore, and Owen D. Richardson, for Respondent.

SMITH, C.— The defendant was appointed, by the board of supervisors, city justice of the city of San José, on the death of the incumbent, November 12, 1900, and has since continued in occupation of the office.   His predecessor had previously been appointed, on the death of the original incumbent, one Gass, and prior to the appointment of defendant, November 22, 1900, the board had ordered an election to fill the unexpired term, to be held November 6th of the same year.   At this election the relator was elected to the office, and qualified, but was not permitted to take possession.   The suit was brought by the attorney-general to oust the defendant from the office, and also to establish the title of the relator.   The decision of the court below was against the defendant and in favor of the relator.   Judgment was entered accordingly, and the defendant appeals.

It is contended by the appellant that the case is governed by the provisions of section 111 of the Code of Civil Procedure, and not—as held by the lower court—by the provisions of subdivision 19 of section 25 of the County Government Act of 1897 (Stats. 1897, pp. 452, 463); or if otherwise, that under the latter act there was no vacancy to be filled at the general election of 1900.   By the former statute it is expressly provided that in case of vacancy in "the office of a justice of the peace," an eligible person shall be appointed by the board of supervisors "to hold office for the remainder of the term"; and this provision has been held to apply to city justices, as well as others.   (*People* v. *Sands*, 102 Cal. 16.)   By the latter statute, the appointment is "for the unexpired term, or until the next general election."   It was held by the lower court that the code provision was repealed by the provision of the latter act cited; that the term of office of the defendant expired at the next general election following his appointment; and consequently, that the election of relator at that election was valid.

But precisely the same point was involved in the case of *People* v. *Col*, 132 Cal. 334, and has been ruled otherwise; and the question must now be regarded as settled.

This is admitted by the attorney-general, whose position now is, that subdivision 19 of section 25 of the act cited has no application to city justices, whose terms, under the provisions of sections 110, 111, and 103 of the Code of Civil Procedure, are expressly limited to two years; and that section 58 of the County Government Act—providing for the election of "city justices of the peace," along with county and township officers, at the gubernatorial elections, and thus lengthening their terms to four years—is, in so far as it applies to city justices, unconstitutional and void,—the ground of the objection being that the subject legislated on (namely, the tenure of office and election of city justices of the peace) is not expressed or referred to in the title. (Const., art. IV, sec. 24.) It seems, therefore, that both parties now agree that the code provisions were not repealed by the County Government Act; and this may be assumed to be the law. (*Kahn* v. *Sutro*, 114 Cal. 335.) The case must therefore be governed by the provisions of section 111 of the Code of Civil Procedure; and the sole question to be considered is, whether—so far as city justices are concerned—the provisions of section 58 of the County Government Act in prolonging the term are unconstitutional.

This question, we think, must be answered in the negative. It may be admitted that city justices of the peace do not come, or at least do not altogether come, within the category of county or township officers; but it is equally clear that they do not come altogether within that of city officers. They cannot, therefore, strictly speaking, be said to be either county officers or city officers, for that would imply that they were exclusively such; but without much impropriety they may be said to be either. (*People* v. *Sands*, 102 Cal. 15.) More accurately speaking, they, as well as county justices, form part of the judicial system of the state; and both come equally within the provisions of section 11, article VI, of the constitution, which authorizes the legislature to "determine the number of justices of the peace to be elected in townships, incorporated cities and towns, or cities and counties," and to fix "by law [their] powers, duties, and responsibilities." (*Kahn* v. *Sutro*, 114 Cal. 331 et seq.) Under this provision the legislature has power to fix the terms of justices of the peace generally.

(*Kahn* v. *Sutro*, 333, 334; *People* v. *Sands*, 102 Cal. 15; *Rauer* v. *Williams*, 118 Cal. 408; *In re Mitchell*, 120 Cal. 390.)   It does not follow, however, from the peculiar nature of their offices, that justices of the peace or other judicial officers do not constitute part of county or city governments.   The administration of justice is an essential part of every government, whether local or general; and the subject of their appointment, terms of office, and duties is therefore entirely germane to an act to establish such governments.   Otherwise it would be necessary to regard all provisions as to justices of the peace, whether city or county, as beyond the scope of the title of the act.   Nor is the case affected by the fact that the duties of city justices are to be performed in cities.   Cities, though for certain purposes distinct political entities, still remain part of the counties in which they are situated; and many of the functions of county officers—as, e. g., of sheriffs, recorders, assessors, etc.—are exercised within their limits.   (Pol. Code, secs. 3901 et seq.; *Kahn* v. *Sutro*, 114 Cal. 323 et seq.)   "An act should not be declared unconstitutional and void, unless there is a clear repugnance between the act and the constitution."   (*University etc.* v. *Bernard*, 57 Cal. 613.)   We do not perceive such repugnance in this case, and must therefore hold the provision of the act in question valid.   It follows that its effect was to repeal section 110 of the Code of Civil Procedure, and to extend the term to four years, as provided in the act.

The judgment should be reversed and the cause remanded, with directions to enter judgment for the defendant.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to enter judgment for the defendant.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.                                    .