[S. F. No. 13666. In Bank.—February 20, 1930.]

GEORGE PROCTOR et al., Petitioners, v. THE JUS-
TICE'S COURT OF THE CITY OF BERKELEY
et al., Respondents.

Stanley R. Sterne for Petitioners.

Earl Warren, District Attorney, and J. F. Coakley, Assistant District Attorney, for Respondents.

W. Cloyd Snyder, as *Amicus Curiae.*

WASTE, C. J.—Petitioners seek to prohibit the Justice's Court of the City of Berkeley from proceeding with the trial of an action wherein the petitioners are charged with having maintained a common nuisance in the town of Emeryville, county of Alameda, in violation of the state liquor law. The specific issue in the proceeding is whether or not the Justice's Court of the City of Berkeley has jurisdiction over the offense of maintaining a place in the town of Emeryville where intoxicating liquor was unlawfully sold and kept, in violation of the provisions of the Wright Act (Stats. 1921, p. 79), the alleged violation occurring since the most recent amendment of section 1425 of the Penal Code. (Stats. 1929, p. 861.)

Prior to its amendment, section 1425, in part, and so far as is material here, read as follows: "The justices' courts have jurisdiction of the following public offenses *committed within the respective counties in which such courts are established: . . .* " (Italics added.) Then follows an enumeration of certain misdemeanor offenses. As amended, the section reads:

"1425. The justices' courts have jurisdiction as follows:

"1. In cities, cities and counties, towns and judicial townships, having a population of thirty thousand or more, said courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, except those of which the juvenile court is given original jurisdiction.

"2. In those having a population of less than thirty thousand said courts shall have jurisdiction in all criminal cases amounting to misdemeanors only, punishable by fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment."

It is petitioners' contention that the omission from the section, as amended, of the words "committed within the respective counties," etc., was deliberate and intentional, and intended by the legislature to restrict the criminal juris-

diction of justices' courts to such misdemeanors only as may be committed within the territorial limits of the respective cities, cities and counties and judicial townships in which such justices' courts are situated. The respondent contends that section 1425 has reference solely to the kind of offenses over which the justices' courts are given jurisdiction, as differentiated from territorial jurisdiction, and that notwithstanding the amendment of the section the jurisdiction of the justices' courts in criminal cases remains the same as it was before the amendment. So far as the present proceeding is concerned, we think that is so.

 The Constitution of this state has, from the beginning, provided that the legislature shall determine the number of justices of the peace, and fix by law their powers, duties and responsibilities. (Const. 1849, art. VI, sec. 14; Const. 1879, art. VI, sec. 11 [sec. 11a as adopted Nov. 6, 1928].) Justices of the peace are, therefore, neither city nor county officers, but are part of the constitutional judicial system of the state (*People* v. *Cobb*, 133 Cal. 74 [65 Pac. 325]), having concurrent jurisdiction with Superior Courts in certain matters expressly given by the Constitution, and also having such jurisdiction in civil and criminal cases as is given by the general laws of the state to all justices of the peace. In this regard, there is no distinction whatever between township and city justices. (*Graham* v. *Mayor of Fresno*, 151 Cal. 465, 471 [91 Pac. 147]; *People* v. *Sands*, 102 Cal. 12, 17 [36 Pac. 404].) A study of the acts of the legislature relating to Justices' Courts, beginning with the first enactment (Stats. 1850, chap. 73, p. 179), supports the contention of the respondent that section 112 of the Code of Civil Procedure relates to the kind of civil causes, and section 1425 of the Penal Code, *supra*, relates to the kind of criminal causes of which the Justices' Courts may take cognizance, and that these sections do not purport to fix the territorial jurisdiction of these courts. The only jurisdiction of justices of the peace conferred by the first statute on the subject (1850, *supra*) was jurisdiction in civil cases, and was "limited to the township wherein they may have been elected." The following year (Stats. 1851, p. 22 et seq.) these courts were given jurisdiction, "except within the limits of the cities of San Francisco, Sacramento, and Stockton," of certain petty "public offenses, committed

within their respective cities or townships.'' By section 107, article V of an ''Act concerning the Courts of Justice of this State, and Judicial Officers'' (Stats. 1853, pp. 287, 298), Justices' Courts, except in the city of San Francisco, were given jurisdiction over an increased number of civil and criminal causes. Following the adoption of an amendment of the Constitution in 1862, the legislature, in 1863, revised the act concerning the courts of justice of this state. (Stats. 1863, p. 333 et seq.) Chapter VII of that act, as revised, relates to Justices' Courts and particularly to their jurisdiction. Section 48 provides that these courts ''shall have jurisdiction'' within their respective townships, or cities, of the following actions and proceedings: (enumerating the kinds of civil actions and proceedings). Section 50 provides that ''The jurisdiction of justices' courts within an incorporated city, shall extend to the limits of such city or township in which the city is situated. Mesne and final process of justices' courts may be issued to any part of the county in which they are held.'' Section 51 provides: These courts shall have jurisdiction of the following public offenses committed within the respective counties in which such courts are established: (enumerating certain misde- meanors). The law on the subject of the jurisdiction of Justices' Courts remained substantially in this condition until the codes were adopted. Section 116 of the Code of Civil Procedure of 1872 provided that the civil jurisdiction of Justices' Courts within an incorporated city ''extends to the limits of such city, or township in which the city is situated.'' Section 117 substantially adopted the provisions of section 51, *supra* (Stats. 1863, p. 340). The subject of the criminal jurisdiction of these courts is not referred to in the first Penal Code adopted in 1872. In 1880, section 103 was added to the Code of Civil Procedure. It provided generally for justices of the peace and for the creation of Justices' Courts, making the township the basis for the establishment of such courts. This section has been amended many times since its adoption in 1880, the various amendments merely providing for and relating to justices in cities of different classes. The amendment of the section in 1891 has a very material bearing on this proceeding. It was then amended to provide that the ''justices of the peace of cities shall have the same jurisdiction, *civil and criminal*

(italics added), as justices of the peace of townships and township justices' courts'' (Stats. 1891, p. 456). In addition, they have jurisdiction of causes arising under city ordinances, both civil and criminal, and in other municipal and local police matters. Section 106 of the Code of Civil Procedure, based on the original code section 116, *supra,* which, in turn, was based on the statute of 1863, *supra,* (p. 340), was also enacted in 1880. It provides that the civil jurisdiction of Justices' Courts extends to the limits of the township in which they are held.

We are of the view that it may be said with assurance that the legislature has always regarded township Justices' Courts and city Justices' Courts in the same class in providing generally for their jurisdiction. In the early days, the three large cities of the state, including San Francisco, were excepted from the general jurisdictional features of Justices' Courts throughout the state. By the Consolidation Act of San Francisco, and the Act of March, 1866, special provision was made for Justices' Courts and justices in cities and counties of more than one hundred thousand population, with jurisdiction extending to the limits of the city and county. (See, also, Code Civ. Proc., secs. 85–98.)

There is a well-recognized rule of statutory construction that the codes blend into each other, and are to be regarded as constituting but a single statute. (Pol. Code, sec. 4480; *People* v. *Dobbins,* 73 Cal. 257 [14 Pac. 860]; *Butte Co.* v. *Merrill,* 141 Cal. 396 [74 Pac. 1036].) Section 1425 of the Penal Code, relating to the public offenses over which the Justices' Courts shall have jurisdiction was once section 115 of the Code of Civil Procedure. No doubt regarding the subject matter as coming more appropriately within the purview and purpose of the Penal Code, the legislature, in 1905 (Stats. 1905, p. 705), re-enacted the section as part of that code, and in 1907 repealed section 115 of the Code of Civil Procedure (Stats. 1907, p. 682). (See *In re Yee Kim Mah,* 31 Cal. App. 196, 200 [159 Pac. 1060].) During all the time this was being done, however, section 103 of the Code of Civil Procedure, *supra,* remained unchanged in so far as this consideration is concerned, and provided, as it has since 1891, that the justices of the peace and Justices' Courts of cities shall have the same jurisdic-

tion, *civil and criminal,* as justices of the peace of townships and township Justices' Courts.

■ With this historical background òf the legislation relating to the subject to support the contention of the respondent justice of the peace and Justice's Court, we are of the view that, in the absence of some positive prohibitory legislation depriving the Justice's Court of the City of Berkeley of jurisdiction of the public offense with which petitioners are charged, we need not indulge in speculation as to whether the omission of certain words from section 1425 of the Penal Code, *supra,* was intentional or not. Senate Bill No. 64, amending section 112 of the Code of Civil Procedure relating to the civil causes over which the Justices' Courts shall have jurisdiction, and Senate Bill No. 734, amending section 1425 of the Penal Code relating to the public offenses within the jurisdictional cognizance of Justices' Courts, were each part of the legislative program for increasing the jurisdiction of Justices' Courts throughout the state, particularly in the more populous townships and cities, to more nearly approach the jurisdiction of the more recently created municipal courts. The language of each of the sections, as amended, is the same in providing that ''The justices' courts shall have jurisdiction as follows'': of certain civil causes (Code Civ. Proc., sec. 112); and ''The justices' courts have jurisdiction as follows'': of certain criminal causes (Pen. Code, sec. 1425). Section 103 of the Code of Civil Procedure, *supra,* was not touched by the legislature. By reason of' the provisions of that section, the jurisdiction of a Justice's Court sitting in a city of the second and one-half class is made the same as, and coextensive with, that of a township Justice's Court. Berkeley is a city of the second and one-half class, and both it and the town of Emeryville are within the confines of Oakland township. It cannot be denied that the Justice's Court of Oakland township and the justice of the peace thereof—that township having a population in excess of thirty thousand—would have jurisdiction over the criminal offense of which these petitioners were accused.

It follows that the respondent court and justice thereof may legally proceed in the matter here complained of. The alternative writ of prohibition heretofore granted is, there-

fore, discharged, and the application for a peremptory writ is denied.

Richards, J., Shenk, J., Curtis, J., Seawell, J., Langdon, J., and Preston, J., concurred.