510 P.2d 1057

**SOUTHWEST FOREST HOMES, INC.,**
**Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona FOR PIMA COUNTY, the Honorable Norman S. Fenton, a Judge thereof; GARDEN CANYON DEVELOPMENT, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 1442.**

Court of Appeals of Arizona,
Division No. 2.

June 20, 1973.

Fish, Briney, Duffield & Miller by Richard C. Briney and Samuel D. Alfred, Tucson, for petitioner.

Holesapple, Conner, Jones, McFall & Johnson by Timothy J. O'Mara, Jr., Tucson, for respondents.

KRUCKER, Judge.

A superior court order granting the request for a change of venue by the plaintiff in a pending Pima County Superior Court action and directing transfer to Cochise County is the subject of this special action. Since venue rulings are appropriately reviewable by special action, we assume jurisdiction. Sherrill v. Superior Court in and for County of Pima, 16 Ariz. App. 425, 493 P.2d 1230 (1972).

Real party in interest, Garden Canyon Development, filed suit against Southwest Forest Homes, Inc., petitioner herein, seeking damages for alleged breach of warranties with respect to certain mobile homes purchased from Southwest. The pertinent allegations of the complaint are that Southwest was an Arizona corporation authorized to and doing business in Pima County, and that the mobile homes had been delivered to the plaintiff in Sierra Vista, Arizona. Southwest filed its responsive pleading asserting as a defense improper venue together with a supporting affidavit. This affidavit executed by the manager of Southwest recited, *inter alia,* that at no material times did it have a representative or agent, own any property, or conduct any business, in Pima County, Arizona. It further recited that the company owns property, had representatives and agents, and maintained its primary place of business in Maricopa County, Arizona. The request for change of venue was made pursuant to A.R.S. § 12–404, which provides in pertinent part:

"A. If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, before expiration of the time allowed to answer, files with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the de-

**154**

fendant's residence, and praying that the action be transferred to the proper county.

B. A copy of the affidavit shall be served upon plaintiff, and *unless the affidavit is controverted under oath*, within five days after service, the *court shall order the action transferred* to the proper county." (Emphasis added.)

No controverting affidavit was filed by Garden Canyon within the prescribed time, but in lieu thereof it filed a request for change of venue pursuant to A.R.S. § 12–406:

"A. If either party to a civil action pending in the superior court, after answer has been filed, files an affidavit in the action alleging any of the grounds specified in subsection B and gives five days notice to the opposite party, the venue may be changed as provided in § 12–407.

B. Grounds which may be alleged as provided in subsection A for change of venue are:

\*   \*   \*   \*   \*   \*

2. That the convenience of witnesses and the ends of justice would be promoted by the change."

\*   \*   \*   \*   \*   \*

The affidavit in support of this request for change of venue sets forth facts to support Garden Canyon's claim of venue *non conveniens*. The respondent court considered the respective affidavits and granted Garden Canyon's request for change of venue.

■ Suit may be brought against a corporation in any county in which the cause of action, or a part thereof, arose, or in the county in which the corporation has an agent or representative, owns property or conducts any business. A.R.S. § 12–401,

subsec. 18, as amended. It is well-settled in this jurisdiction that when a proper request for a change of venue has been made, the cause *must* be transferred. GAC Properties, Inc. of Arizona v. Farley, 14 Ariz.App. 156, 481 P.2d 526 (1971); Wray v. Superior Court in and for The County of Greenlee, 82 Ariz. 79, 308 P.2d 701 (1957).

■ As noted above, Garden Canyon filed no affidavit controverting the facts set forth in the affidavit filed by petitioner. Such being the case, the facts set forth in the affidavit must be taken as true. 56 Am.Jur. Venue § 66. This affidavit alleged facts showing that Maricopa County was the county in which petitioner owned property, had representatives and agents, and maintained its primary place of business. The affidavit also denied having any business nexus or property in Pima County and denied that the alleged cause of action or any part of it arose in Pima County. Thus we see that the affidavit negatives the propriety of Pima County venue. Adverting to the allegations of the complaint which are appropriately considered when venue is challenged, Sherrill v. Superior Court in and for County of Pima, supra, we find nothing contained therein indicating that the cause of action or a part thereof occurred in Pima County. Therefore, in the face of petitioner's affidavit to the contrary, which was uncontroverted, it must likewise be presumed that no part of the cause of action occurred in Pima County.

For the foregoing reasons, the respondent court had no alternative but to transfer the cause to Maricopa County. The subject order of transfer is vacated with directions to enter an appropriate order consistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.