518 P.2d 1012

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

Anthony DEDDENS, Judge of the Superior Court of Arizona, Cochise County; Sam KING, Jr., Real Party in Interest, Respondent.

No. 2 CA–CIV 1579.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1974.

As Corrected on Denial of Rehearing March 13, 1974.

Review Denied April 9, 1974.

Gary K. Nelson, Atty. Gen., by John L. Jones, Asst. Atty. Gen., Phoenix, for petitioner.

William F. Olson, Bisbee, for respondent King.

## OPINION

KRUCKER, Judge.

An order denying petitioner's motion for a change of venue is the subject of this special action. Since venue rulings are appropriately reviewable by special action, Southwest Forest Homes, Inc. v. Superior Court, 20 Ariz.App. 152, 510 P.2d 1057 (1973), we assume jurisdiction.

Respondent King filed a complaint in Cochise County Superior Court alleging that petitioner, the named defendant, had wrongfully refused to issue a driver's license to him. Subsequently, with leave of court, respondent filed a First Amended Complaint which alleged an additional cause of action, i. e., a breach of duty owed to respondent for which compensation in monetary damages was requested.

Prior to expiration of the time to answer the amended complaint, petitioner filed a motion for change of venue, pursuant to A.R.S. § 12–404, supported by an affidavit

to the effect that petitioner is a public officer holding office only in Maricopa County, and requesting transfer of the action to Maricopa County. No controverting affidavit was filed but the requested venue change was denied.

Petitioner concedes that venue was properly laid in Cochise County when the original complaint was filed since respondent King was seeking judicial review pursuant to A.R.S. § 28–1122. The trial court, in denying petitioner's motion for a change of venue after the amended complaint was filed, apparently concluded that the motion was not timely since petitioner had filed his answer to the original complaint. We are of the opinion that this was error.

A.R.S. § 12–401, as amended, provides in pertinent part:

"No person shall be sued out of the county in which he resides, except:

\* \* \* \* \* \*

16. Actions against public officers shall be brought in the county in which the officer, or one of several officers holds his office."

■ When a proper request for a change of venue has been made, it is mandatory that the cause be transferred. GAC Properties, Inc. of Arizona v. Farley, 14 Ariz.App. 156, 481 P.2d 526 (1971); Southwest Forest Homes, Inc. v. Superior Court, supra. The pivotal question is—was petitioner's request timely after the amended complaint had been filed?

■ Rule 15(a) 2, Rules of Civil Procedure, 16 A.R.S., requires a party to plead in response to an amended pleading within a designated time. Where a complaint is amended in a material way, as is the case here, a defendant has a right to plead *de novo* to the amended complaint and such right is one of which he cannot be deprived. Kalish v. Brice, 130 Colo. 220, 274 P.2d 600 (1954); Griffin v. International Longshoremen's and Warehousemen's Union, Local 1–13, 109 Cal.App.2d 823, 241 P.2d 552 (1952); 61 Am.Jur.2d, Pleading § 331. When respondent filed an amended complaint, such pleading superseded his original complaint which then became

*functus officio.* Rodriguez v. Rodriguez, 8 Ariz.App. 5, 442 P.2d 169 (1968); Foreman & Clark Corp. v. Fallon, 3 Cal.3d 875, 92 Cal.Rptr. 162, 479 P.2d 362 (1971). Since the amended complaint took the place of the original, all subsequent pleadings are based on the amended complaint. Billings v. Sisters of Mercy of Idaho, 86 Idaho 485, 389 P.2d 224 (1964). Consequently, petitioner's answer to the amended complaint became his first responsive pleading to the merits of respondent's claim even though petitioner had responded to the original complaint. Mills v. Beims, 132 So.2d 228 (Fla.1961), and all subsequent proceedings are regarded as based on the amended complaint. 71 C.J.S. Pleadings § 321A. Thus, petitioner's motion for a change of venue was timely, since his time to respond to the amended complaint had not expired.

■ As noted above, the affidavit attached to petitioner's motion for change of venue set forth the facts establishing Maricopa County as the one in which petitioner was entitled to be sued. No controverting affidavit was filed by respondent within the prescribed time and therefore the facts set forth in the affidavit must be taken as true. 56 Am.Jur. Venue § 66. Under these circumstances, the respondent court had no alternative but to transfer the cause to Maricopa County. A plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action (the second cause of action) with matters which form the subject of a local action (license suspension), compel a defendant to have both matters tried in a county other than the one in which he resides. 92 C.J.S. Venue § 70. Therefore, petitioner should not have been compelled to defend, after timely objection, in a county other than the one in which he maintained his office. *See,* 92 C.J.S. Venue § 70.

The order denying petitioner's request for change of venue is vacated with directions to enter an appropriate order not inconsistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.