523 P.2d 792

The Honorable Henry G. HELLMAN, Justice of the Peace of Mayer Precinct, Yavapai County, Petitioner,

v.

The Honorable Philip W. MARQUARDT, Judge of the Superior Court of Maricopa County; and Donald Eames GILLESPIE, Real Party In Interest, Respondents.

No. 11497.

Supreme Court of Arizona, In Banc.

June 25, 1974.

Rehearing Denied Sept. 17, 1974.

G. Eugene Neil, Yavapai County Atty., by Christopher L. Pickrell, Deputy County Atty., Prescott, for petitioner.

Harold Riddel, Phoenix, for respondents.

STRUCKMEYER, Justice.

This special action was brought by The Honorable Henry G. Hellman, Justice of the Peace of Mayer Precinct, Yavapai County, Arizona, to test the right of the respondent, The Honorable Philip W. Marquardt, Judge of the Superior Court of Maricopa County, to permanently restrain and enjoin petitioner from taking any further action against Donald Eames Gillespie, real party in interest, in that certain criminal action docketed in the Justice Court of the Mayer Precinct as Cause No. 23555. We accepted jurisdiction pursuant to Article VI, § 5, Constitution of Arizona, A.R.S., to construe Rule 4 of the Rules of Procedure for Special Actions, 17A A.R.S., as promulgated by this Court effective January 1, 1970.

Donald Eames Gillespie was arrested in the Mayer Precinct of Yavapai County, Arizona on May 18, 1973 and charged with driving while under the influence of intoxicating liquor and with a suspended license. The circumstances surrounding the prosecution of Gillespie before Judge Hellman need not be recited, since they are not germane to the issue before us. It is enough to say that on January 8, 1974 Gillespie petitioned the Maricopa County Superior Court for a special action under the Rules of Procedure for Special Actions, 17A A.R.S., to restrain Judge Hellman from taking any further action against Gillespie in the criminal proceedings in the Mayer Precinct of Yavapai County.

Judge Marquardt, on February 22, 1974, granted the relief sought, concluding that Judge Hellman in continuing the prosecution in the Mayer Precinct of Yavapai County was acting without and in excess of his jurisdiction. The action in this Court was brought to test the right of the Maricopa County Superior Court to enjoin the actions of a Justice of the Peace of Yavapai County.

By Rule 4(b) of the Rules of Procedure for Special Actions it is provided:

> "Where action brought. An action brought in the Superior Court under this Rule shall be brought in the county in which the body or officer has or should have determined the matter to be reviewed, or, in the case of a state officer or body, either in Maricopa County or in, the county of residence of the plaintiff;
> * * *."

Respondents' position is that a justice of the peace is a state officer and that, therefore, the Superior Court of Maricopa County has the venue to determine whether the prosecution in Mayer Precinct, Yavapai County should be barred. It is petitioner's position that a justice of the peace is not a state officer and that the action should have been brought in Yavapai County, the county in which Judge Hellman determined the matter sought to be reviewed. We agree with petitioner that a justice of the peace is not a state officer under the Arizona Constitution and statutes and that the proceedings conducted in Maricopa County by Judge Marquardt should have been brought in Yavapai County.

The office of justice of the peace is one of great antiquity. *See* 18 Edward III, st. 2, c. 2, 1344, wherein two or three persons of best reputation in the Counties were assigned as Keepers of the Peace by the King's Commission to hear and determine felonies and trespasses in the same Counties. In Arizona it is a constitutional office. High v. State of Arizona, 14 Ariz. 429, 130 P. 611 (1913).

The Territorial Supreme Court of Arizona under the then existing statutes held that a justice of the peace was a precinct officer. Meyer v. Culver, 4 Ariz. 145, 35 P. 984 (1894). Other early cases in the United States have held that justices of the peace were county officers. *See* Lyme v. East-Haddam, 14 Conn. 394 (1841); State v. Clark, 51 N.J.Law 97, 15 A. 831 (1888); Gurnsey & Knight v. Lovell, 9 Wendell's Reports 319, New York (1832); Ballantyne v. Bower, 17 Wyo. 356, 99 P. 869 (1909). For more recent cases holding that justices of the peace are county officers *see* Villanazul v. City of Los Angeles, 37 Cal.2d 718, 235 P.2d 16 (1951); Meller v. Municipal Court of City of County of Denver, 152 Colo. 130, 380 P.2d 668 (1963); Neff v. Board of County Commissioners of Belmont County, 166 Ohio St. 360, 142 N.E.2d 658 (1957).

The respondents place their reliance principally upon the case of State ex rel. Dann v. Hutchinson, 206 Minn. 446, 288 N. W. 845 (1939), which is predicated on the proposition that however local the operation of a justice of the peace may be the administration of justice is a state affair. We do not consider that because a public officer exercises a portion of the powers of government that this justifies the classification of his office as that of a state office as opposed to that of a local office. Rather, we think in Arizona it has been customary to consider the extent of the territory which the office purports to govern.

In this we agree with the California case of Villanazul v. City of Los Angeles, cited *supra*. At the time *Villanazul* was decided,

California's constitutional provision, Article VI, § 1, was similar to Arizona's Constitution Article VI, § 1. In the *Villanazul* case the Supreme Court of California said:

"It must be conceded at the outset that a municipal court is a part of the judicial system of the state, and the constitution or control of such courts, except only the question as to whether one shall be established in a given locality, is a state rather than a municipal affair. Wilson v. Walters, 19 Cal.2d 111, 119, 119 P.2d 340. It does not follow, however, that a municipal court is an agency of state government, as distinguished from county or city government, in the sense that a deputy marshal is a state employee. Justices' courts and police or city courts are part of the judicial system of the state, Const., Art. VI, § 1; People ex rel. Benwell v. Foutz, 27 Cal. 2d 1, 162 P.2d 1; Elder v. McDougald, 145 Cal. 740, 79 P. 429; People ex rel. Richardson v. Cobb, 133 Cal. 74, 65 P. 325, yet their local character is recognized and their attaches are either county or city officers and employees. Graham v. Mayor, etc. of Fresno, 151 Cal. 465, 91 P. 147; Elder v. McDougald, supra; People ex rel. Richardson v. Cobb, supra; McClung v. Johnson, 106 Cal. App. 264, 289 P. 199, cf. Nicholl v. Koster, 157 Cal. 416, 108 P. 302. As stated in the Cobb case, 'It does not follow * * *, from the peculiar nature of their offices, that justices of the peace or other judicial officers do not constitute part of county or city governments.' 133 Cal. at page 77, 65 P. at page 326.

The fact that the Legislature created the office of deputy marshal and prescribed the duties and salary of the position does not fix the status of such a person as a state, rather than a county or city employee. The Legislature creates many and varied offices or positions of local government, with specified duties and salaries. See Const., Art. XI, § 5. The clerk of a city justice's court comes within this category but is an of-

ficer of the county government. Mc-Clung v. Johnson, supra." 37 Cal.2d 718, 722–723, 235 P.2d 16, 19.

In Arizona by A.R.S. § 22–101, the power to divide the county into justice precincts is placed in the hands of the county board of supervisors. And by A.R.S. § 22–111 justices of the peace are elected by the qualified electors of the justice precinct. We also note that justices of the peace are required by law, A.R.S. § 22–116, to pay funds which come into their hands to the county treasurer. And by A.R.S. § 22–117, the expenses of the office are a county charge. We think that in Arizona the office of justice of the peace is local in character and therefore hold that under the Constitution and Arizona statutes it is a county office.

One further matter should be considered. Respondents point to A.R.S. § 12–401 et seq. pertaining to venue of actions. They urge that under A.R.S. § 12–404 in the case of improper venue the court shall have jurisdiction to hear and determine the action unless a defendant files an affidavit that the action is not brought in the proper county and requests that it be transferred to the proper county. The special action in the Superior Court was brought, as stated, under the authority of the Rules of Procedure for Special Actions.

The Rules of Procedure for Special Actions do not provide for the transfer of a special action to another county for determination. Judge Hellman in his answer in the Superior Court to the special action pleaded that the Superior Court of Maricopa County under the principles of venue was not the proper court in which to file the special action. We think therefore that since the office of justice of the peace is not a state office, the Superior Court of Maricopa County should have declined to proceed further.

It is the order of this Court that upon issuance of the mandate herein the Maricopa County Superior Court shall be restrained from enforcing its order directed

against petitioner as Justice of the Peace of the Mayer Precinct of Yavapai County.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD, and HOLOHAN, JJ., concur.