**50**

570 P.2d 821

Jerry BISHOP, dba Jerry Bishop's Towing & Salvage, Mike Hunt, dba Hunt's Towing Service & Auto Salvage, Robert Steele, dba B & B Towing Service, Phil Smith dba Aviation Auto Body & Paint, Jerry Nichols, dba Desert Refrigeration & Auto Service, Inc., Ralph Vogler, dba Martin's Towing & Auto Repair, Mylan Marble, dba H & H Service, Inc., Keith Campbell, dba J & J Auto Body, Harvey Arndt, dba Arndt Auto Body & Paint Shop, Don Sherman, dba Don's Towing, William Douglass, dba A–Star Wrecker, W. F. Maust, dba W. F. "Wally" Maust Chevron Dealer, George Grubaugh, dba George's Auto Repair and Towing, Keith Pullen, dba Pullen Tow Service, Archie Allen, dba Archie's Freeway Service, Edward F. Norzagaray, dba Eddie's Tucson Towing, and Meyer Neuman, dba Meyer's General Automotive Garage, Inc., Petitioners,

v.

The Honorable Jack G. MARKS, Judge, Superior Court, State of Arizona, County of Pima, and the Department of Public Safety, Vernon Hoy, its Director, Arizona Highway Patrol, a Division of the Department of Public Safety, Lt. G. D. Dull, District Commander, District No. 8 of the Arizona Highway Patrol, Department of Public Safety, Sgt. Ed Slechta, in his capacity as Administrating Officer for District No. 8, David Henry, in his capacity as Tow Truck Inspector for the Department of Public Safety, and the State of Arizona, real parties in interest, Respondents.

No. 2 CA–CIV 2715.

Court of Appeals of Arizona, Division 2.

Oct. 21, 1977.

Kenneth L. Allen, Tucson, for petitioners.

Bruce E. Babbitt, Atty. Gen., by Paul S. Harter, Asst. Atty. Gen., Phoenix, for respondents.

## OPINION

HOWARD, Chief Judge.

■ This petition for special action challenges an order of the respondent court transferring a suit to Maricopa County. Since venue rulings are appropriately reviewable by special action, *Southwest Forest Homes, Inc. v. Superior Court*, 20 Ariz. App. 152, 510 P.2d 1057 (1973), we assume jurisdiction and grant relief.

■ The motion for change of venue alleged that the defendants were public officers and therefore under A.R.S. § 12–401(16) were entitled to be sued in Maricopa County, the principal office of the Department of Public Safety. An affidavit to this effect was filed in support of the motion. No controverting affidavit was filed. However, if the complaint on its face shows that the action could be brought in Pima County, the failure to controvert the affidavit does not mandate transfer. *Tribolet v. Fowler*, 77 Ariz. 59, 266 P.2d 1088 (1954).

Petitioners contend that venue was properly laid in Pima County under Rule 4(b), Rules of Civil Procedure for Special Actions, 17 A.R.S., which provides in pertinent part:

"An action brought in the Superior Court under this Rule shall be brought . . . in the case of a state officer or body, either in Maricopa County or in the county of residence of the plaintiff . . . . ."

■ No question is raised as to whether the director of the Department of Public Safety is a "state officer" and correctly so since his duties and functions are co-extensive with the boundaries of the state. *Cummings v. Ragen*, 47 Ill.App.2d 27, 197 N.E.2d 469 (1964); cf., *Hellman v. Marquardt*, 111 Ariz. 95, 523 P.2d 792 (1974).

Our review of the allegations of the complaint filed below leads us to conclude that petitioners were actually seeking only special action relief distinguishing this case

from *Campbell v. Deddens*, 21 Ariz.App. 295, 518 P.2d 1012 (1974). They were challenging certain acts of the Department of Public Safety, through its employees, as being arbitrary, capricious and beyond their authority. Such questions are appropriate for judicial resolution in a special action. Rule 3, Rules of Procedure for Special Actions.

■ We agree that the petitioners' pleading denominated "Complaint for Declaratory Relief" was misleading. However, such denomination was not controlling since pleadings must be so construed as to do substantial justice. *Busy Bee Buffet v. Ferrell*, 82 Ariz. 192, 310 P.2d 817 (1957). See *Maricopa Realty & Trust Company v. VRD Farms, Inc.*, 10 Ariz.App. 524, 460 P.2d 195 (1969). Furthermore, a liberal construction of the complaint in favor of the pleader is required in determining venue. *Tribolet v. Fowler*, supra; *Pride v. Superior Court*, 87 Ariz. 157, 348 P.2d 924 (1960).

■ Petitioners' complaint stated grounds for special action relief against state officers and therefore venue in Pima County, the residence of petitioners, was proper.

The order of the respondent court transferring the cause to Maricopa County is vacated.

HATHAWAY and RICHMOND, JJ., concurring.