ANTON ROBERT RANDONO AKA TONY RANDONO, APPELLANT, *v.* JOHN BALLOW AND RACHEL J. BALLOW, RESPONDENTS.

No. 14773

February 24, 1984                    676 P.2d 807

*Stanley W. Pierce,* Las Vegas, for Appellant.

*Galliher & Tratos,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting a motion for change of venue. *See* NRAP 3A(b)(2). Appellant contends that the motion was untimely and that the district court should have denied the motion on that basis. We disagree, and therefore we affirm the district court's order.

On October 7, 1981, appellant filed a complaint in the Eighth Judicial District Court, Clark County. Respondents answered the complaint and later moved for a judgment on the pleadings, pursuant to NRCP 12(c), on the ground that the complaint failed to state a cause of action. The district court granted the motion and dismissed the complaint, and appellant was allowed thirty days in which to file an amended complaint. On January 6, 1983, appellant filed and served an amended complaint. On January 12, 1983, respondents filed and served a

demand for change of venue, a motion for change of venue, and an answer to the amended complaint. The district court granted respondents' motion, ordering the venue changed to the Seventh Judicial District Court, Lincoln County. This is an appeal from that order.

A demand for change of venue must be made "before the time for answering expires." NRS 13.050(1). The sole issue in this appeal is whether the time limit in that statute should be measured by reference to the amended complaint rather than the original complaint. This is an issue which we have not previously addressed.

The amended complaint in this case was a distinct pleading which superseded the original complaint. *See* McFadden v. Ellsworth Mill and Mining Company, 8 Nev. 57 (1872). In a similar case, the court in Campbell v. Deddens, 518 P.2d 1012 (Ariz.Ct.App. 1974), ruled that where a complaint is amended in a material way, a defendant has a right to plead *de novo* to the amended complaint. The court reasoned that the defendant's answer to the amended complaint constituted his first responsive pleading to the merits of the plaintiff's claim, even though the defendant had responded to the original complaint. The court therefore held that the motion for change of venue was timely, because the time to respond to the amended complaint had not yet expired. We agree with the reasoning in *Campbell.* In the present case the complaint was amended following the district court's ruling that the original complaint failed to state a cause of action. Therefore, the complaint was certainly amended in a material manner. Under these circumstances the district court properly measured the time limit in NRS 13.050(1) by reference to the amended complaint rather than the original complaint.

Affirmed.