635 P.2d 855

**COCHISE COUNTY, a body politic, and Kerley Chemical Corp., a corporation, Petitioners,**

v.

**The Honorable Lloyd C. HELM, Judge of the Cochise County Superior Court, Respondent,**

**Warren Minor, et al., Real Parties in Interest.**

No. 2 CA–CIV 2718.

Court of Appeals of Arizona, Division 2.

Nov. 4, 1977.

Review Denied Jan. 9, 1978.

Beverly H. Jenney, Cochise County Atty. by William B. Blaser, Deputy County Atty., Bisbee, for petitioner Cochise County.

Chandler, Tullar, Udall & Redhair by Robert E. Lundquist, Tucson, for petitioner Kerley Chemical Corp.

Schorr & Leonard, P.C. by Franklin O. Eldridge, Tucson, for real parties in interest.

## OPINION

HOWARD, Chief Judge.

A petition for special action was filed in Cochise County Superior Court by the real parties in interest herein naming Cochise County, the individual members of the Cochise County Board of Supervisors, the Cochise County Planning Department and its director as respondents, and Kerley Chemical Corporation of Arizona, an Arizona corporation, as the real party in interest. The gravamen of the petition was that the planning department had acted arbitrarily and capriciously in determining that Kerley Chemical's use of certain property in Cochise County was exempt from county zoning ordinances and regulations, and that the department's approval of a use permit application was unlawful. A timely motion for a change of venue was subsequently filed by real parties in interest pursuant to A.R.S. § 12–408. The motion was granted and the case was ordered transferred to Pima County. (A county agreed upon by the parties.) Petitioners contend that the respondent court abused its discretion (1) in granting the motion for change of venue and (2) in not ruling on a motion to dismiss prior to deciding the venue question.

Rule 4(b), Rules of Procedure for Special Actions, states in pertinent part:

"An action brought in the Superior Court under this Rule shall be brought in the county in which the body or officer has or should have determined the matter to be reviewed ... or in case of any public officer or body, or of a private corporation, in the county of the principal place of business of such officer or body or corporation; ..."

A.R.S. § 12–408 provides in part:

"A. In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

■ In *GAC Properties, Inc. of Arizona v. Farley*, 14 Ariz.App. 156, 481 P.2d 526 (1971), rev. denied April 13, 1971, we held that when it is shown that a county is an opposing party, and proper application is made to the trial court, change of venue is mandatory. We rejected an argument similar to the one advanced by petitioners here, and held that although tax appeals may be categorized as special statutory proceedings, such fact did not preclude application of A.R.S. § 12–408 since there was no provision to the contrary in the tax appeals statute. We also held that existing statutes as to venue are not superseded by a subsequent enactment where there is no clear expression in the later statute indicating such an intent. We believe the same principles are applicable here.

As pointed out in the State Bar Committee Note to Rule 4, Rules of Procedure for Special Actions, Rule 4(b) is in general accordance with our venue statute, A.R.S. § 12–401, and A.R.S. § 12–905, the venue provision of the Arizona Administrative Review Act. The rule, which of course has the force of statute, contains no provision barring the application of A.R.S. § 12–408 nor a plainly expressed mandate that a special action must be tried in the county in which the action is brought.

Petitioners rely on language in *Hellman v. Marquardt*, 111 Ariz. 95, 523 P.2d 792 (1974) to support their position that, notwithstanding the fact that Cochise County is a party, the action must be tried in Cochise County. In *Hellman* the Supreme Court held that a special action directed to a Yavapai County officer must be *brought* in Yavapai County, and since Maricopa County was not the proper county in which to *file* a special action, the Superior Court of Maricopa County should have declined to proceed further with the special action filed there. Petitioners cite the following language:

"The Rules of Procedure for Special Actions do not provide for the transfer of a special action to another county for determination." 111 Ariz. at 98.

We do not construe this language, as petitioners would have us do, to mean that when a special action is filed in the proper county it can never be transferred to another county for determination when A.R.S. § 12–408 is invoked. We believe the quoted language means only that when a superior court special action is *filed* in the wrong county, such proper filing is jurisdictional in contradistinction to A.R.S. § 12–404. Also, that there is no provision for transfer of a special action petition brought in the superior court comparable to the provision for transfer in A.R.S. § 12–120.22(B):

"No ... petition for a writ brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court or division, but it shall be transferred to the proper court or division."

We hold that since the petition for special action was brought in the proper county, the respondent court did not err in granting the motion for a change of venue under A.R.S. § 12–408.

■ We find no merit in petitioners' contention that the respondent court should have ruled on the motion to dismiss before granting the change of venue. When it was shown that the real parties in interest were entitled to a change of venue as a matter of right, the respondent court had no jurisdiction to do anything other than transfer the case. *Miles v. Wright*, 22 Ariz.

73, 194 P. 88 (1920); cf. *Hordyk v. Farley*, 94 Ariz. 189, 382 P.2d 668 (1963).[1]

Relief denied.

HATHAWAY, J., and JACK T. ARNOLD, Superior Court Judge, concur.

NOTE: Judge JAMES L. RICHMOND having requested that he be relieved from consideration in this matter, Judge JACK T. ARNOLD was called to sit in his stead and participate in the determination of this decision.

---

1. Petitioners' reliance on *Penunuri v. Superior Court In and For Pima County*, 115 Ariz. 399, 565 P.2d 905 (App.1977) is misplaced since that case involved a plaintiff's motion for dismissal.