IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESUS APODACA, SR., et al., *Plaintiffs/Appellees,*

*v.*

JO ANN AGNES KEELING, *Defendant/Appellant.*

No. 1 CA-CV 18-0416
FILED 3-19-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-017161
The Honorable Hugh E. Hegyi, Judge (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Phillips Law Group PC, Phoenix
By Timothy G. Tonkin, Montana Thompson
*Counsel for Plaintiffs/Appellees*

Law Offices of Kathryn Leonard, Phoenix
By Joel A. Buckley
*Counsel for Defendant/Appellant*

**OPINION**

Judge Randall M. Howe delivered the opinion of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

**H O W E**, Judge:

¶1          Jo Ann Keeling appeals the superior court's judgment awarding attorneys' fees, expert witness fees, and taxable costs to plaintiffs Jesus Apodaca, Sr. and Christina Flores De Apodaca under Arizona Rule of Civil Procedure ("Rule") 77(h).[1] Keeling contends that, in determining whether the rule mandated such award, the court erred by comparing each plaintiff's monetary share of the judgment to their respective share of a prior compulsory arbitration award. We affirm the superior court's judgment but strike its imposition of Rule 77(h) sanctions against Keeling because the method used to determine whether such sanctions were appropriate was inconsistent with the rule's plain language.

## FACTS AND PROCEDURAL HISTORY

¶2          The Apodaca family — Jesus Apodaca, Sr.; Christina Flores De Apodaca; Jesus Apodaca, Jr.;[2] and Maria Jose Apodaca Flores[3] — suffered injuries when Keeling rear-ended their car, and they jointly sued Keeling in a tort action. After a compulsory arbitration hearing, an arbitrator awarded damages of $33,198.90 to Jesus, Sr.; $27,439.50 to Christina; $19,478.00 to Jesus, Jr.; and $16,492.00 to Maria. The arbitrator also awarded $510.78 in taxable costs, for a total arbitration award of $97,119.18.

¶3          Keeling appealed the arbitration award to the superior court under Rule 77(a), and in the ensuing trial de novo admitted liability but contested damages. The jury awarded $27,739.00 to Jesus Sr.; $19,939.00 to Christina; $10,418.00 to Jesus, Jr.; and $7,392.00 to Maria. The superior court awarded the Apodacas, as the prevailing parties, their taxable costs of $7,529.73, bringing their total award to $73,017.73.

¶4          The Apodacas subsequently moved for sanctions under Rule 77(h), asserting that Keeling's appeal did not result in "a verdict 23% more favorable than the arbitration awards with regards to [Jesus, Sr.] and

---

[1]          Keeling cites to Rule 77(f) in her appellate briefs, which was changed to Rule 77(h) in 2017. Absent material revision from the relevant date, we cite the rule's current version.

[2]          The record also refers to him as Jesus Apodaca Flores.

[3]          Because the plaintiffs share the name Apodaca, this Court, with respect, will refer to them individually by their first names.

[Christina]." Keeling promptly objected, arguing that Rule 77(h) sanctions are not determined by comparing the amounts awarded to each individual, but by comparing the arbitration award to the trial judgment. Because the trial judgment was 23% more favorable to Keeling than the arbitration award, she maintained that sanctions were inappropriate.

¶5        Applying the Apodacas' proposed party-by-party analysis, the superior court found that Keeling did not meet Rule 77(h)'s 23% threshold to avoid sanctions as to Christina and Jesus, Sr. In reaching that determination, the court compared the jury verdict for Jesus, Sr. (plus costs)—$29,638.35—to his arbitration award (plus costs)—$33,326.59. The court performed the same computation for Christina—comparing her award on appeal (plus costs)—$21,824.00—to her arbitration award (plus costs)—$27,567.19. The court then entered a final judgment, which included the Apodacas' damages, taxable costs, and an award of $30,593.25 in Rule 77(h) sanctions in favor of Jesus, Sr. and Christina. The Rule 77(h) sanctions were comprised of expert witness fees, attorneys' fees, and taxable costs for the trial. Keeling timely appealed.

## DISCUSSION

¶6        Keeling challenges the superior court's award of Rule 77(h) sanctions. She contends that the court erred by separating the arbitration award and judgment "into individual awards and judgments and bifurcating the Rule [77(h)] comparison." We review a court's interpretation and application of Rule 77 de novo. *Bradshaw v. Jasso-Barajas*, 231 Ariz. 197, 199 ¶ 5 (App. 2013). In construing and interpreting a rule, our goal is to effectuate the intent of the drafters, and we look to the rule's plain language as the best indicator of that intent. *Alejandro v. Harrison*, 223 Ariz. 21, 22–23 ¶ 8 (App. 2009). When the rule is clear and unambiguous, we apply it as written without further analysis. *Poulson v. Ofack*, 220 Ariz. 294, 297 ¶ 8 (App. 2009).

¶7        Any party who appears and participates in a compulsory arbitration may appeal the arbitration award to the superior court. Rule 77(a). Following such appeal, the trial court must conduct an "apples to apples" comparison of the arbitration award to the judgment entered after a trial de novo. *Bradshaw*, 231 Ariz. at 200 ¶ 9 (quoting *Hales v. Humana of Ariz., Inc.*, 186 Ariz. 375, 378 (App. 1996)). "If the judgment on the trial de novo is not at least 23 percent more favorable than . . . the arbitration award," the court must award the appellee costs and fees—including reasonable attorneys' fees and reasonable expert fees. Rule 77(h). As used in Rule 77(h), the term "arbitration award" includes any awarded taxable

costs and the term "judgment" includes the verdict obtained in the trial de novo and any taxable costs assessed as part of that judgment. *See Vega v. Sullivan*, 199 Ariz. 504, 507–08 ¶¶ 10–12 (App. 2001) (discussing Rule 7(f) of the Uniform Rules of Procedure for Arbitration, the early progenitor of Rule 77(h)).

¶8            Rule 77(h)'s plain language mandates that a trial court compare the "judgment on the trial de novo" to "the arbitration award" for purposes of determining Rule 77(h) sanctions. Here, the record reflects that the Apodacas filed a single complaint and brought their claims against Keeling in a single lawsuit. The arbitrator consequently issued a single arbitration award. Accordingly, after Keeling appealed that arbitration award, the superior court issued one judgment. Moreover, because Keeling did not contest liability in arbitration or at trial and the individual plaintiffs had no claims against the other plaintiffs, the only issue in both proceedings was damages. Under these circumstances, comparing the total arbitration award to the total judgment was the proper method to determine whether the result of the trial de novo was sufficiently more favorable than the arbitration award. Because the difference between the judgment and arbitration award was 24.8%, Keeling met the 23% threshold to avoid the award of sanctions. The trial court thus erred in finding that Keeling did not receive a sufficiently favorable judgment to avoid Rule 77(h) sanctions.

¶9            The Apodacas argue that the Rule 77(h) analysis "should be done on a party-by-party basis." They rely on *Fisher v. Edgerton*, 236 Ariz. 71 (App. 2014), for support. That decision is inapposite to the case before us, however. *Fisher* held only that Rule 77 sanctions are appropriate between defendants when one defendant is seeking to shift liability to another defendant. *Id.* at 76 ¶ 12 ("The sole issue before us is whether Rule [77(h)] applies between multiple defendants when the appealing defendant unsuccessfully tries to shift comparative fault to the appellee defendant at the trial de novo."). This case involves no liability shifting, only the determination of the amount of damages one defendant owes the plaintiffs. Thus, the proper analysis is to compare the total arbitration award and costs to the total judgment and costs on appeal. The trial court erred in failing to do so.

**CONCLUSION**

¶10            For the foregoing reasons, we affirm the superior court's judgment but strike the sanctions pursuant to Rule 77, as identified in part 3 of that judgment. We deny Keeling's request for attorneys' fees because it was only made in her reply brief. *See* ARCAP 21(a)(1) ("A party claiming

attorneys' fees must to so in an opening or an answering brief on appeal."). As the prevailing party, however, she is entitled to costs incurred on appeal upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA