NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CAROLINE TROTTER, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0449
FILED 3-7-2023

Appeal from the Superior Court in Maricopa County
No.  CV2021-093749
The Honorable Stephen M. Hopkins, Judge, *Retired*

**AFFIRMED IN PART AND DISMISSED IN PART**

COUNSEL

Arizona Justice Center, Glendale
By Steven R. Simon
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Wayne J. Peck, Joseph J. Branco, Jonathan C. Simon, Sean M. Moore
*Counsel for Defendants/Appellees Maricopa County*

_____

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

_____

**T H U M M A**, Judge:

¶1        Plaintiff Caroline Trotter appeals from a judgment affirming a decision of the Maricopa County Board of Adjustment finding she violated a County lighting ordinance and fining her $350. Although the Maricopa County Planning and Development Department (Department) is a non-jural entity and is dismissed as a party, because Trotter has shown no error, the judgment otherwise is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2020, the Department received various complaints that Trotter's landscaping lights at her Sun West home were directed at neighboring homes in violation of Maricopa County Zoning Ordinances (MCZO). The complaints followed a pattern. The Department would receive a complaint, investigate and determine that Trotter's lights were directed toward a neighboring property. The Department would direct Trotter to redirect those lights to comply and she would do so; but a new complaint would be made; the Department would investigate and, again, find Trotter's lights directed toward a neighboring property. They would then again direct Trotter to redirect those lights to comply.

¶3        Given this pattern, in September 2020, the Department sent Trotter a Notice and Order to Comply, advising her to comply with the MCZO by November 2, 2020, or face fines of up to $750 per day. Trotter redirected the lights during an inspection on November 4, 2020, where Department Inspector Charles Hart noted Trotter "replaced the majority of the LED type lights with halogen type lights." An inspection on November 20, 2020, revealed the lights Trotter redirected on November 4, 2020, had been moved again to "produce light trespass onto a neighboring property."

¶4        In December 2020, the Department issued a summons, asserting Trotter violated MCZO § 1112 - Outdoor Light Control Provisions, and setting an administrative hearing, to be held in March 2021. During a subsequent visit to Trotter's property, Hart again directed Trotter to

redirect her lights and she did so. During Hart's visit the day before the hearing, he noted the lights previously directed at her neighbors had been readjusted or shut off.

¶5        During the hearing before a Department hearing officer, Hart testified about Trotter's repeated MCZO violations. Trotter did not cross-examine Hart or question his statements. Instead, Trotter argued her halogen lights should be characterized as low wattage incandescent lights exempt from shielding and lighting direction requirements under the MCZO. The hearing officer found "insufficient evidence exists in the record" to support her argument that the lights were exempt, found Trotter violated the shielding and lighting direction requirements of the MCZO and fined her $350. Trotter appealed to the Board of Adjustment, which after hearing from Hart, Trotter's attorney and others, affirmed the hearing officer's decision by a vote of 5-0.

¶6        Trotter then filed a verified complaint in superior court, seeking to challenge the Board's decision and naming as defendants the Department, the Department's Director, the Board and Maricopa County. Defendants moved to dismiss for lack of jurisdiction, claiming Trotter improperly filed a verified complaint as opposed to a notice of appeal and that the Department was a non-jural entity, incapable of being sued. *See* Ariz. Rev. Stat. (A.R.S.) § 12-904; Ariz. R.P. Jud. Rev. Admin. Dec. (JRAD) 4 (2023).[1] Trotter opposed the motion, which the superior court denied. After full briefing and oral argument, the court rejected Trotter's challenge to the Board's decision. Trotter filed a timely notice of appeal from that judgment.

## DISCUSSION

¶7        Trotter's challenge to the Board's decision, authorized by A.R.S. § 11-816(B)(3), is pursuant to the Administrative Review Act (ARA), *see* A.R.S. §§ 12–901 to –914. Under the ARA, the Board's decision is to be affirmed "unless the court concludes that the agency's action is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(F). Factual issues are reviewed for an abuse of discretion, while questions of law, including whether Trotter properly invoked the court's jurisdiction, are reviewed de novo. *See Ariz. Cannabis Nurses Ass'n v. Ariz. Dep't of Health Servs.*, 242 Ariz. 62, 65 ¶ 8 (App.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

2017); *accord Shea v. Maricopa Cnty.*, 253 Ariz. 286, 289 ¶ 10 (App. 2022), *rev. granted*, Dec. 6, 2022.

## I.     The Superior Court Had Jurisdiction Over the Case.

**¶8**         Defendants argue the superior court, and this court, lack jurisdiction because Trotter failed to comply with A.R.S. § 12-904 and JRAD 4. A party seeking judicial review over a Board decision must comply with procedural requirements. *See* A.R.S. § 11-816(B)(3); MCZO § 1504.3.11; *see also* JRAD 1(a), 4. A timely notice of appeal filed with the superior court is required to initiate such review. A.R.S. § 12-904(A); JRAD 4(a). The notice of appeal must designate the Board decision being challenged and list the issues presented for review, among other things. JRAD 4(c); *accord* A.R.S. §§ 12-904(A), -909(A). JRAD Form 1 provides "a template for the notice of appeal." JRAD 4(a). A party seeking to seek judicial review must do so by making the necessary filing in a timely manner, in the right place and in the proper form. *Shea*, 253 Ariz. at 289 ¶ 12.

**¶9**         Trotter, through her attorney, did not file a notice of appeal using JRAD Form 1. Citing *Shea*, defendants argue that failure means Trotter did not properly invoke judicial review. *Shea*, decided after the superior court denied defendants' motion to dismiss, found a "Verified Complaint for Special Action" that did not cite the ARA, did not identify the Board decision being challenged and did not specify the issues being raised, failed to properly invoke jurisdiction for judicial review. *See* 253 Ariz. at 290 ¶ 16. In reaching that conclusion, *Shea* stated that mislabeling the caption or other technical flaws would not necessarily mean a party failed to properly invoke judicial review. *Id.* at 290 ¶ 17.

**¶10**        Here, Trotter filed the complaint in a timely manner and in the right place, but did not properly caption the appeal as a notice of appeal and generically alleged that jurisdiction was proper in the court. Unlike *Shea*, however, Trotter specified which Board decision she was challenging, and the issues presented for review. *See* JRAD 4(c); A.R.S. § 12-904. Given this, Trotter's technical error in failing to use JRAD Form 1 did not mean she failed to invoke judicial review. *See Shea*, 253 Ariz. at 290 ¶ 17. Because Trotter identified the Board decision she was challenging and the issues she was pressing and sought judicial review by timely filing in the proper place, the superior court properly had jurisdiction over her challenge.

## II.    The Department Is a Non-Jural Entity and Is Dismissed.

**¶11**        Defendants argue the Department is a non-jural party that cannot be sued and, as a result, should be dismissed as a party.[2] A court has no jurisdiction over a party unless it "legally exists and is legally capable of being sued." *Yamamoto v. Santa Cruz Cnty. Bd. of Supervisors*, 124 Ariz. 538, 539 (App. 1979). "[D]epartments and subordinate entities of . . . counties . . . that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487 ¶ 12 (App. 2010) (citation omitted). Although Trotter cites three opinions where other county departments were named defendants, none of those cases involved the Department or addressed whether the county departments involved were non-jural entities. *See Ponderosa Fire Dist. v. Coconino Cnty.*, 235 Ariz. 597 (App. 2014); *Andrew S. Arena, Inc. v. Superior Court*, 163 Ariz. 423 (1990); *Cochise Cnty. v. Helm*, 130 Ariz. 262 (App. 1977). As a subordinate entity of Maricopa County, the Department is a non-jural entity and is dismissed as a party.

## III.    Trotter Has Shown No Error in the Board's Decision.

**¶12**        Although seeking to challenge the Board's decision under A.R.S. § 12-910(F), Trotter provides no transcript or other record of the administrative or Board hearings. Accordingly, this court presumes the record at those proceedings supports the Board's decision. *See Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978) (citation omitted); *Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014). The record on appeal indicates that, at the administrative hearing, Hart testified he repeatedly found Trotter's halogen landscape lights "angled up in order to shine into neighboring properties." Hart testified he worked with Trotter to correct her MCZO violations, but when he would return, he would find the lights had been repositioned in a manner that violated the MCZO. Trotter did not cross-examine Hart or dispute his testimony.[3]

---

[2] Defendants also argue on appeal that Maricopa County is an improper party. However, because defendants did not raise this argument with the superior court,  it is waived. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007).

[3] Although Trotter argued to the superior court that she was prevented from cross-examining Hart, this argument is waived because Trotter does not press it on appeal. *See State v. Carver*, 160 Ariz. 167, 175 (1989).

¶13        Trotter argues she did not violate the MCZO and could not be fined because her halogen lights were exempt from MCZO requirements. All exterior landscaping lights, unless exempt by the MCZO, must be shielded. MCZO § 1112.4.1. Although the MCZO lists shielding requirements for various types of lights (including LED lights), types of lights not specified (like halogen lights) are "other sources" that may be subject to shielding requirements "[a]s approved by the zoning inspector." MCZO § 1112.4.2.

¶14        After Hart's initial investigation, Trotter replaced her LED lights with halogen lights. The Department issued a Directive providing that the zoning inspector would determine, for a specific installation, whether halogen lights must be shielded to avoid "light trespass onto neighboring properties." DD-2020-04. Under this Directive, the zoning inspector then determined Trotter's halogen lights needed to be shielded. Although Trotter could have appealed that determination, she did not. The hearing officer applied the then-binding zoning inspector's determination and found Trotter's positioning of her halogen lights violated the MCZO.

¶15        Trotter argues that her use of halogen lights before the issuance of the Directive and the zoning inspector's determination was a prior non-conforming use and that, by imposing the fine she challenges, the Department violated her due process rights. In essence, Trotter argues the zoning inspector's determination authorized by the Directive "cannot be enforced" against her. Trotter has shown no error.

¶16        The Board has authority to "[i]nterpret" the MCZO "if the meaning of any word, phrase or section is in doubt." A.R.S. § 11-816. The Directive expressly provided it was interpreting the relevant section of the MCZO as silent to halogen lights. DD-2020-04. Given that halogen lights are not identified in MCZO § 1112.4.2 by specific type, Trotter has not shown that the zoning inspector erred in classifying halogen lights as "other sources" and not "incandescent" lights. On the limited record provided, Trotter has not shown that the evidence did not support the Board's fine of $350, or that the Board's decision was error. *See also* A.R.S. § 11-815(D) (allowing a county to fine up to $750 per day for zoning violations).

¶17        Trotter's remaining arguments show no error. Trotter has not shown the Department improperly cited her for one MCZO violation but later fined her for a different, uncited MCZO violation. Trotter's argument appears to rely on the hearing officer's citation to MCZO § 605 in the "Charges" section of the judgment. The hearing officer, however, found

Trotter was not exempt from MCZO § 1112 and violated that provision, not MCZO § 605.

**¶18**     Trotter also argues the Department violated her "Constitutional Right to secure the curtilage of her home from nocturnal trespass by use of reasonable lighting." Trotter cites no authority supporting this argument. Moreover, Trotter was not fined for lighting her own property, but for shining her lights on her neighbors' property. Nor does the record support Trotter's argument that her neighbors trespassed onto her property and, while trespassing, redirected her lights to violate the MCZO. Similarly, the record does not support Trotter's argument that she was denied a fair and impartial hearing, claiming the hearing officer impermissibly had ex parte communications with the Director of Planning and Development.

## CONCLUSION

**¶19**     The Maricopa County Planning and Development Department is dismissed as a non-jural entity, and the judgment otherwise is affirmed. Because the judgment is affirmed, the court denies Trotter's requests for attorneys' fees and costs pursuant to A.R.S. § 12-348, the private Attorney General doctrine and the United States and Arizona Constitutions.



AMY M. WOOD • Clerk of the Court
FILED:     AA