NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARICOPA COUNTY; BILL GATES, STEVE GALLARDO, THOMAS GALVIN, CLINT HICKMAN, JACK SELLERS, the Maricopa County Board of Supervisors; STEPHEN RICHER, the Maricopa County Recorder,
*Petitioners,*

*v.*

THE HONORABLE TINA AINLEY, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of YAVAPAI,
*Respondent Judge,*

STRONG COMMUNITIES FOUNDATION OF ARIZONA INCORPORATES; ERIC LOVELIS; WILLIAM JOSEPH APPLETON; LAURA HARRISON; YAVAPAI COUNTY; CRAIG L. BROWN; JAMES GREGORY; DONNA G. MICHAELS; MARY MALLORY; HARRY B. OBERG; MICHELLE M. BURCHILL; COCONINO COUNTY; JERONIMO VASQUEZ; PATRICE HORSTMAN; ADAM HESS; JUDY BEGAY; LENA FOWLER; PATTY HANSON

*Real Parties in Interest*

No. 1 CA-SA 24-0086
FILED 05-30-2024

---

Appeal from the Superior Court in Yavapai County
No. S1300CV202400175
The Honorable Tina Ainley, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**


COUNSEL

Maricopa County Attorney's Office, Phoenix
By Thomas P. Liddy, Joseph E. La Rue, Jack L. O'Connor III, Rosa Aguilar
*Co-Counsel for Petitioners*

Snell & Wilmer L.L.P., Phoenix
By Brett W. Johnson, Eric H. Spencer, Colin P. Ahler, Ian Joyce
*Co-Counsel for Petitioners*

American First Legal Foundation, Washington D.C.
By James K. Rogers
*Co-Counsel for Real Parties in Interest Strong Communities of Arizona, Eric
Lovelis, William Joseph Appleton and Laura Harrison*

Jennifer J. Wright, Phoenix
*Co-Counsel for Real Parties in Interest Strong Communities of Arizona, Eric
Lovelis, William Joseph Appleton and Laura Harrison*

Yavapai County Attorney's Office, Prescott
By Thomas M. Stoxen, Michael J. Gordon
*Counsel for Real Parties in Interest Yavapai County*

Flagstaff Law Group, Flagstaff
By Rose Winkeler
*Counsel for Real Parties in Interest Coconino County*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Chief Judge David B. Gass and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

¶1        In this special action petition, Maricopa County; Bill Gates, Steve Gallardo, Thomas Galvin, Clint Hickman, Jack Sellers (collectively, "Maricopa Board of Supervisors"); and Stephen Richer ("Maricopa County Recorder") (Maricopa County, Maricopa Board of Supervisors and Maricopa County Recorder collectively, "Maricopa Petitioners") seek relief from the superior court's denial of their motion for change of venue. The Maricopa Petitioners argue the superior court should have granted their motion because a special action challenging the election practices and

procedures of three counties and their respective officials cannot be brought in a single county in which some, but not all, of the bodies and officers preside and the events giving rise to the lawsuit took place.

¶2            For the following reasons, we accept special action jurisdiction.  Because Arizona law does not provide for a transfer of venue in special actions brought in the superior court, we grant relief in the form of dismissal without prejudice as to Maricopa Petitioners.

## FACTUAL AND PROCEDURAL HISTORY

¶3            In February 2024, Strong Communities Foundation of Arizona Incorporated, Eric Lovelis, William Joseph Appleton, and Laura Harrison (collectively, "Real Parties in Interest") filed a lawsuit against Maricopa Petitioners; Yavapai County and the Yavapai County Recorder (collectively, "Yavapai Defendants"); Coconino County, the Coconino County Recorder and the Coconino Board of Supervisors (collectively, "Coconino Defendants") alleging issues with election administration and procedures.  Maricopa Petitioners filed a motion for change of venue from Yavapai County to Maricopa County.  Real Parties in Interest opposed the motion. The Yavapai Defendants and the Coconino Defendants did not oppose the Maricopa Petitioner's venue change request. The superior court denied the motion after considering Arizona Rule of Procedure for Special Actions ("Rule") 4(b), and reasoning "it would lead to a ridiculous result" if one plaintiff had to file multiple lawsuits in multiple counties to challenge the counties' respective election procedures and practices.

¶4            Maricopa Petitioners challenge the superior court's denial of their motion for change of venue.[1]  At Maricopa Petitioners' request and after a hearing, we temporarily stayed the superior court's proceedings in this matter.

## SPECIAL ACTION JURISDICTION

¶5            Our decision to accept special action jurisdiction is discretionary.  *State v. Superior Court (Landeros)*, 203 Ariz. 46, 47, ¶ 4 (App. 2002).  We accept special action jurisdiction here for three reasons.  First, "[b]ecause an appeal cannot adequately cure an erroneous venue ruling, such orders are appropriately reviewable by special action." *Sierra Tucson,*

---

[1]      Before filing their response, Real Parties in Interest moved to dismiss this special action.  The Arizona Rules of Procedure for Special Actions do not authorize a motion to dismiss.  Real Parties in Interest later moved to withdraw the motion to dismiss and, we grant the same.

*Inc. v. Lee*, 230 Ariz. 255, 257, ¶ 6 (App. 2012) (citations and internal quotation marks omitted). Second, this case requires us to determine the correct application of Rule 4(b), presenting a question of law that is reviewed de novo and is appropriate for review by special action. *See id.* at 257, ¶ 7; *ChartOne, Inc. v. Bernini*, 207 Ariz. 162, 165-66, ¶ 8 (App. 2004). Third, application of Rule 4(b) to the circumstances here is a matter of statewide importance. *See Sierra Tucson, Inc.*, 230 Ariz. at 257, ¶ 7 (stating that the interpretation of Arizona Revised Statutes ("A.R.S.") section 12-404 was a matter of statewide importance); *Landeros*, 203 Ariz. at 47, ¶ 4 ("Special action jurisdiction is appropriate in matters of statewide importance . . . .").

## DISCUSSION

**¶6**        We review de novo the application of court rules. *Levy v. Alfaro*, 215 Ariz. 443, 444, ¶ 6 (App. 2007).

**¶7**        Special actions seek extraordinary relief "previously obtained against a body, officer, or person by writs of certiorari, mandamus, or prohibition." Rule 1(a). Special actions may raise the following three types of issues: (1) whether defendants have failed to exercise discretion they have a duty to exercise or failed to "perform a duty required by law" in which they have no discretion; (2) whether defendants are proceeding or threatening to act outside their legal authority; or (3) whether "a determination was arbitrary and capricious or an abuse of discretion." Rule 3. Special actions are governed by the Arizona Rules of Procedure for Special Actions. Rule 1(a). These rules provide procedures for bringing a special action, such as mandating where initial venue is appropriate. Rule 4(b). In civil actions, venue is determined according to A.R.S. § 12-401.

**¶8**        Rule 4(b) states that "[a]n action brought in the Superior Court under [the Arizona Rules of Procedure for Special Actions] shall be brought in the county in which the body or officer has or should have determined the matter to be reviewed[.]" In contrast, A.R.S. § 12-401(15), (16) states "[n]o person shall be sued out of the county in which such person resides except: . . . [a]ctions against counties shall be brought in the county sued unless several counties are defendants, when it may be brought in any one of the counties. Actions against public officers shall be brought in the county in which the officer, or one of several officers, holds office."

**¶9**        "[I]n the event of irreconcilable conflict between a procedural statute and a rule, the rule prevails." *Seisinger v. Siebel*, 220 Ariz. 85, 89, ¶ 8 (2009). But "rules and statutes should be harmonized wherever possible

and read in conjunction with each other." *Johnson v. Elson*, 192 Ariz. 486, 488, ¶ 8 n.4 (App. 1998) (citations omitted).

**¶10** Here, Rule 4(b) does not irreconcilably conflict with A.R.S. § 12-401(15), (16). Rather, Rule 4(b) provides a specific procedure for determining special action venue within the framework of the general venue statute. *See* Rule 4(b), cmt. b, ("This section . . . is in general accordance with Arizona's venue statute, A.R.S. § 12-401 . . . ."); *see also Morales v. Coffey*, 256 Ariz. 50, 57, ¶ 19 (App. 2023) (holding that A.R.S. § 12-820.03(B) did not conflict with Rule 42, Arizona Rules of Civil Procedure, because "[t]he former is a more specific procedural direction within the broader framework of the latter."). Therefore, Rule 4(b) governs venue in special actions.

**¶11** Despite contrary authority, Real Parties in Interest argue this court must harmonize A.R.S. § 12-401(15), (16) with Rule 4(b) by trumping the Rule's requirement that special actions against a county body or officer be filed in the county where that body or officer presides. *See Maricopa Cnty. v. Barkley*, 168 Ariz. 234 (App. 1990); *Cochise Cnty. v. Helm*, 130 Ariz. 262 (App. 1977); *Dunn v. Carruth*, 162 Ariz. 478 (1989). *Barkley*, *Helm*, and *Carruth* are instructive on this matter.

**¶12** In *Barkley*, this court considered whether a statute that mandated an action's initial venue precluded a venue transfer under A.R.S. § 12-408. 168 Ariz. at 237–38. This court held it did not, reasoning that harmonizing statutes mandating initial venue with the venue provisions listed in A.R.S. § 12-408 allowed for a venue transfer after the action was initiated in the proper venue in the first instance. *Id.* Similarly, in *Helm*, this court held that when a special action is brought in the proper venue under Rule 4(b), venue transfer is allowed under A.R.S. § 12-408. 130 Ariz. at 263. Further in *Carruth*, the Arizona Supreme Court held that even when a statute required a venue transfer a party may exercise a second venue transfer for cause even if the State exercised its right to secure the first venue change under a different statute. 162 Ariz. at 480–81.

**¶13** These three cases establish the legal principle that the court must follow the venue mandated for the initial filing of an action, though that court may later transfer venue for cause. That is, the court must apply the initial venue provisions of the Arizona Rules of Procedure for Special Actions even if later changes in venue are permitted. *See Hellman v. Marquardt*, 111 Ariz. 95, 98 (1974); *Helm*, 130 Ariz. at 263.

¶14　　　　Because Real Parties in Interest brought their claims as a special action, the Arizona Rules of Procedure for Special Actions apply. *See* Rule 1(a).  When the plain reading of a rule or statute is unambiguous, we apply it as written. *Apodaca v. Keeling*, 246 Ariz. 349, 351, ¶ 6 (App. 2019). Rule 4(b) is unambiguous and should be applied as written.  Accordingly, special actions brought against Maricopa County officials must be initiated in Maricopa County, just as special actions brought against Coconino County officials must be initiated in Coconino County.

¶15　　　　We now turn to the appropriate relief.  Maricopa Petitioners ask this court for relief in the alternative, either order the superior court to transfer the special action to Maricopa County or dismiss the special action outright.  Based on this court's longstanding precedent, dismissal is the appropriate relief. *See Helm*, 130 Ariz. at 263.  In *Helm,* this court held that "there is no provision for transfer of a special action petition brought in the superior court comparable to the provision for transfer in A.R.S. § 12-120.22(B)," which allows for transfer of an appeal that was brought in the wrong appellate court or division. *Id.*  Therefore, we remand for dismissal without prejudice of the special action against Maricopa Petitioners.

## CONCLUSION

¶16　　　　For the foregoing reasons, we hold that even though Yavapai County and Coconino County also were named, Real Parties in Interest improperly filed the special action against Maricopa Petitioners in Yavapai County.  We accept special action jurisdiction, grant relief, and remand the matter to the superior court to dismiss the Maricopa Petitioners without prejudice to filing an action in Maricopa County.



AMY M. WOOD • Clerk of the Court
FILED:　AGFV